Glenn **GOSNELL**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 384S107.

Supreme Court of Indiana.

Oct. 3, 1985.

Susan K. Carpenter, Public Defender, Rick Ranucci, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant pled guilty to an indictment which charged him with Second Degree Murder. This Court affirmed the denial of his first petition for post-conviction relief in an opinion reported as *Gosnell v. State* (1982), Ind., 439 N.E.2d 1153. Appellant then filed a second petition for post-conviction relief. The petition was denied and this appeal ensued.

In 1969, while incarcerated in Georgia, appellant gave the FBI a statement concerning his involvement in the 1965 murder of his brother-in-law and sister-in-law. He admitted to killing the woman in her home by striking her on the head with a hammer and then rendering the man unconscious before laying the body on a railroad track. Sometime later the man was killed by a train.

Upon discovery of the man's body the police went to his home and discovered the body of the woman. The police and the coroner concluded the man had killed his wife and then had taken his own life.

Following appellant's statements, some four years later, the reports were amended to indicate two murders had occurred. Appellant was charged with the murder of the man and pled only to that charge.

Appellant now contends the trial court erred when it failed to properly advise him prior to accepting the guilty plea. He argues the court failed to advise him of his right to a speedy trial, of his privilege against self-incrimination and of the minimum or alternative sentence for this allegation. He maintains that as a result of this failure his plea was not knowingly and intelligently entered.

The second post-conviction court concluded this issue was or could have been raised in the first post-conviction proceeding. The court granted the State's motion for summary judgment on this issue based on the State's defense of waiver.

Ind.R.P.C. 1, § 8 provides:

"Waiver of or failure to assert claims. All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition."

Section 8 dictates that issues which were available for the first post-conviction proceeding are waived for consideration in a subsequent proceeding. *Jewell v. State* (1979), 272 Ind. 317, 397 N.E.2d 946; *Like v. State* (1981), Ind.App., 426 N.E.2d 1355.

This Court, in the first post-conviction appeal, reviewed the issue of appellant's waiver of his trial rights. However, the grounds for that challenge were different from those now asserted. We hold the grounds now asserted were available at the time of the first post-conviction action and are thus waived from consideration now.

Appellant argues the grounds now raised represent fundamental error. We disagree. Fundamental error is a clearly blatant violation of basic and elementary principles. The harm or its potential must be substantial and appear clearly and prospectively from the record. *Reynolds v. State* (1984), Ind., 460 N.E.2d 506. Appellant cites to *Brown v. State* (1982), Ind.App., 435 N.E.2d 582 for the proposition that the failure to ensure that a guilty plea was properly entered does constitute fundamental error. While *Brown* is correct in its holding, a review of the transcript reveals the court complied with the requirements as they then existed.

The guilty plea in the case at bar was entered in September of 1970. This

was after the decision in *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 which enunciated three rights to which a defendant must be advised prior to accepting his guilty plea. The trial court must inform the defendant that he has the right to a jury trial, that he has the right to confront his accusers and that he has the privilege against self-incrimination. Appellant cites Ind.Code § 35–4.1–1–3 (repealed and recodified as Ind.Code § 35–35–1–2) as applicable in his case. However, the statute was passed after he had entered his plea. Thus the trial court was required to comply with *Boykin* but not with the statute.

■ *Boykin* does not require the trial court to advise the defendant concerning rights to a speedy trial. Appellant attempts to equate the requirement for a jury trial advisement with one for a speedy trial. He contends implicit in the right to a jury trial is the right to a speedy trial. Thus he maintains the court was required by *Boykin* to so advise him. We reject this view. The trial court did advise appellant of his right to a jury trial and that is all that was required under *Boykin*.

■ Appellant contends the trial court failed to advise him of possible alternative or minimum sentences. Ind.Code § 10–3404 (Burns 1942) was amended by Acts 1969, ch. 95 to include the fifteen to twenty-five year alternative sentence. However, Acts 1969, ch. 95, § 2 provided: "This amendment shall not affect any prosecutions pending or offenses heretofore committed under existing law, and such prosecutions and offenses shall be continued and prosecuted to final determination, as if this act had not become law." The crime for which appellant was charged occurred in 1965, thus the alternative sentence was not available to appellant.

■ Appellant argues the trial court failed to advise him of his privilege against self-incrimination. This is an advisement required by *Boykin*. The trial court provided the following advisement: "If you were to have a trial by jury, during that trial you wouldn't have to do anything if you didn't want to. In other words, you could just sit there at the table if you wanted to. Because you wouldn't have to prove anything. Do you understand that?" The State maintains this advisement sufficiently conveyed to appellant that he could not be made to testify against himself. Appellant maintains the statement did not directly or indirectly imply that he had a right to remain silent if the State called him to the stand.

The trial court was required to meaningfully inform appellant of this right. However, no exact language must be used to accomplish this goal. *Laird v. State* (1979), 270 Ind. 323, 385 N.E.2d 452. We hold the language of the trial court was adequate to meaningfully convey to appellant this right.

■ Appellant argues the second post-conviction court erred when it granted the State's motion for summary judgment on the issue of whether the trial court had properly advised appellant prior to accepting his guilty plea. Having concluded the trial court did not err in conducting the hearing, we hold the second post-conviction court did not err in granting the motion for summary judgment.

■ Appellant argues he was denied effective assistance of counsel at the guilty plea stage of the proceedings. He cites two alleged errors of counsel. In the first post-conviction proceeding appellant alleged ineffective assistance of counsel on other grounds. This Court, in the first post-conviction proceeding, found appellant was provided adequate assistance of counsel. The second post-conviction court found the issue of trial counsel competence was or could have been resolved in the first proceeding and granted the State's motion for summary judgment on this issue. As noted above this was a correct ruling.

Appellant argues waiver is not appropriate as counsel in the first post-conviction proceeding provided inadequate assistance of counsel. Appellant also contends the first post-conviction counsel was ineffective

for failing to raise the issue of the trial court's alleged failure to properly advise appellant.

The appellate standard to be applied to a review of the effectiveness of counsel was outlined in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Under *Strickland* there is a strong presumption that counsel rendered adequate legal assistance. There is nothing in the case at bar to indicate that counsel in either instance failed to render proper services to appellant. They engaged in decision making with and for their client. These decisions reflect ability well within the range of professional competence required.

Appellant contends post-conviction relief counsel was ineffective for failing to pursue an allegedly meritorious defense. Appellant maintains that if he had not pled guilty then the State could not have shown by independent means the existence of the *corpus delicti.* Such a showing is required to permit the State to introduce appellant's statement to the FBI. Post-conviction counsel testified that he initially believed there was merit to this argument but that upon reflection he chose not to argue the issue as error by trial counsel.

Appellant's argument is premised principally on the fact the initial police and coroner's reports did not show the man died as a result of criminal activity. They listed his cause of death as suicide. Hence he argues there would be no evidence apart from his statement that the man died in any other manner. Whether the State in fact could have proven the *corpus delicti,* as to the death of the man, is a matter of conjecture into which we need not delve. Post-conviction counsel is correct when he testified that if appellant had in fact withdrawn the plea and proceeded to trial the State could have filed an Information concerning the death of the woman. There would have been little problem in establishing the *corpus delicti* for her death.

Appellant's statement to the FBI also contained his confession to this death.

Post-conviction counsel correctly concluded that trial counsel did not have an issue he could advance for the real advantage of his client. Thus post-conviction counsel was not ineffective for choosing not to advance this argument. We find the second post-conviction relief court did not err when it concluded appellant was afforded effective assistance of counsel at the first proceeding.

The post-conviction relief court is in all things affirmed.

All Justices concur.