**L.V. TILLMAN, Appellant (Petitioner below),**

v.

**STATE of Indiana, Appellee (Respondent below).**

No. 1085S425.

Supreme Court of Indiana.

Aug. 14, 1987.

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Petitioner-Appellant L.V. Tillman was convicted of Rape, a class A felony. He was sentenced to the presumptive term of thirty (30) years imprisonment. This Court affirmed his conviction in *Tillman v. State* (1980), 274 Ind. 39, 408 N.E.2d 1250. On April 10, 1981, he filed a Petition for Post-Conviction Relief raising three allegations of ineffective assistance of trial counsel. The petition was denied. This Court affirmed the post-conviction court's denial of Tillman's petition in *Tillman v. State* (1982), Ind., 432 N.E.2d 407. On January 25, 1985, Tillman filed, *pro se*, a second Petition for Post-Conviction Relief, which was subsequently denied. He directly appeals that denial, raising two issues for our review: (1) error in finding waiver of the issues raised in his post-conviction petition, and (2) error in finding the issue of ineffective assistance of counsel was *res judicata*.

Tillman's second post-conviction petition alleges two additional instances of ineffective assistance of trial counsel. He alleges that trial counsel failed to object to a State witness referring to "mug shots," and that trial counsel failed to compel the attendance of two witnesses at trial. At the second post-conviction relief hearing, counsel moved for admission of the direct appeal record of proceedings into evidence. The State objected based on waiver and the court sustained the objection.

■ The issue of trial counsel competence was resolved in the first post-conviction proceeding. Thus, the post-conviction court properly found the issue was waived in the second post-conviction petition. *Gosnell v. State* (1985), Ind., 483 N.E.2d 445, 448. In *Gosnell*, the petitioner raised the issue of effective trial counsel in his first post-conviction petition, and again in his second petition for post-conviction relief stating other grounds for ineffective counsel. This Court affirmed the denial of post-conviction relief finding that the second post-conviction court's ruling, that the issue of trial counsel competence was or could have been resolved in the first proceeding, was a correct ruling.

■ Where the defense of waiver is raised, a petitioner may present some substantial basis or circumstance which would satisfactorily mitigate his failure to perfect a remedy through the normal procedural channels. *Langley v. State* (1971), 256 Ind. 199, 211, 267 N.E.2d 538, 545. Tillman asserts the errors alleged are fundamental, denied him due process, and therefore, should transcend the procedural bar of waiver. Tillman urges waiver is not appropriate as he did not have his transcript until after the first post-conviction hearing and was thus prevented from raising the instant issues. These arguments are insufficient to rebut the legal validity of the waiver defense.

The post-conviction court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.