Robert E. BAKER, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 45A03–9106–PC–186.

Court of Appeals of Indiana, Third District.

Oct. 30, 1991.

Susan K. Carpenter, Public Defender, John A. England, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee-respondent.

HOFFMAN, Judge.

Appellant-petitioner Robert E. Baker appeals the dismissal of his second petition for post-conviction relief.

Baker was convicted of two counts of murder in 1983 and was sentenced to consecutive 50–year terms of imprisonment on each count. *Baker v. State* (1985), Ind., 483 N.E.2d 736. Baker filed his first petition for post-conviction relief in July 1986. The denial of the petition was affirmed by memorandum decision in June 1990. On appeal, the court addressed both substantive and procedural issues raised by the petition, including the denial of Baker's request for a change of judge.

In February 1991, Baker filed a second petition. Baker alleged that the magistrate, who presided over the hearing on Baker's first petition, erroneously failed to recuse himself when he discovered during the post-conviction proceeding that he had acted as prosecutor during a bail hearing on behalf of Baker's co-defendant. At the time of the post-conviction hearing, the magistrate informed Baker of the possible conflict. Baker did not object.

At the time of the filing of the second petition, Baker again filed a motion for

change of judge. The post-conviction court dismissed the petition as "frivolous for the reason that it fails to raise a substantive challenge to the trial court's denial of the defendant's original petition for postconviction relief." Also, the court found that Baker's motion for change of judge filed with the second petition was moot because of the dismissal of the petition.

Baker now contends that the court erred in not addressing the merits of the motion for change of judge, that the court erred in dismissing the second petition as frivolous, and that the trial judge erred in making an *ex parte* inquiry about the matter with the magistrate.

 Successive petitions for post-conviction relief may be dismissed if frivolous. Ind. Post–Conviction Rule 1(12)(b) (frivolous defined as "foreclosed by statute, rule or authoritative court decision and failing to raise a reasonable challenge to the prior decision or statute or rule, or lacking a reasonable factual basis in the record").

Any ground for error which occurred during the hearing on Baker's first post-conviction petition should have been raised at the time of the appeal regarding that petition. *See Tillman v. State* (1987), Ind., 511 N.E.2d 447, 448. Baker makes no attempt to present a substantial basis or circumstance which would mitigate his failure to raise the possibility of error during the earlier, appropriate proceeding. *See id.* Accordingly, the issue has been waived, and the petition was properly dismissed.

Baker's further allegations of error need not be addressed. First, Baker contends that the court erred in ruling on the motion for change of judge after determining that the petition should be dismissed. Second, Baker raises the possibility that *ex parte* communications between the post-conviction judge and the magistrate occurred which could form the basis for error. Baker apparently bases his allegation upon a statement in the court's order dismissing the petition, that "[the magistrate] has informed the court that he would have recused himself had the defendant objected." Baker does not attempt to support the alle-

gation that *ex parte* communications occurred.

Notwithstanding frailties of the arguments on their merits, both issues amount to improper collateral attacks on the ruling dismissing the petition. *See Baum v. State* (1989), Ind., 533 N.E.2d 1200, 1200–01 (post-conviction remedy designed to challenge conviction and sentencing errors, not as means to initiate collateral attacks on prior judgment denying post-conviction relief in earlier petition). As discussed above, the court properly ruled that the petition should be dismissed.

There being no finding of reversible error, the post-conviction court's judgment is affirmed.

Affirmed.

STATON and RUCKER, JJ., concur.