James HAMILTON, Appellant–
Petitioner,

v.

STATE of Indiana, Appellee–
Respondent.

No. 49A04–9302–PC–36.

Court of Appeals of Indiana,
Fourth District.

Aug. 11, 1993.

Transfer Denied Sept. 22, 1993.

⟨key⟩998(1)

Susan K. Carpenter, Public Defender, Cynthia M. Russell, Deputy Public Defender, Indianapolis, for appellant-petitioner.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee-respondent.

CONOVER, Judge.

Defendant–Appellant James Hamilton appeals the dismissal of his second petition for post-conviction relief.

We affirm.

Hamilton's sole issue for our review is whether the trial court erred in summarily dismissing his second petition for post-conviction relief.

In 1983, a jury convicted Hamilton of murder. He appealed, contending the evidence was insufficient to support his conviction. The Indiana Supreme Court affirmed the conviction in *Hamilton v. State* (1984), Ind., 468 N.E.2d 218.

In 1985, Hamilton filed his first *pro se* petition for post-conviction relief.[1] The court denied it in 1987. He then filed an appeal of that denial. In an unpublished opinion of this court, we affirmed the trial court's denial.

On November 27, 1991, he filed a successive *pro se* post-conviction relief petition in which he alleged several trial errors including the replaying of the testimony of two State's witnesses for the jury. He stated he was unable to present these issues in his first petition because his counsel for that petition was ineffective.

On December 24, 1991, the State filed an answer, asserting a defense of laches. The state public defender entered an appearance for Hamilton on January 6, 1992, and the court set the petition for hearing on April 30, 1992. On April 29, 1992, the court on its own motion continued the hearing to August 27, 1992. On July 28, 1992, the public defender filed a motion for a continuance, stating it was unlikely the case could be reviewed for at least two years given her heavy caseload. She asked the trial court to continue the hearing for four more months. The next day the trial court entered findings of fact and conclusions of law which held the issues were waived since Hamilton had not set them out in his initial petition for post-conviction relief. The court ordered the petition summarily dismissed as frivolous, citing Ind. Post–Conviction Rule 1(12)(b). Subsequently, Hamilton, represented by the state public defender, filed a motion to correct errors which the court denied. This appeal ensued.

Hamilton contends the trial court erred in dismissing his second petition for post-conviction relief for two reasons. First, he argues it is error for the trial court to dismiss a successive petition for post-conviction relief as frivolous pursuant to P–C.R. 1(12)(b) after the trial court had referred it to the state public defender and set it for hearing.[2] He cites P–C.R. 1(12)(c) and (d).[3] Initially, we note a post-convic-

1. Hamilton did not include a copy of his first post-conviction relief petition in the record. Therefore, we do not know the grounds he asserted therein.

2. We note the public defender had entered her appearance on January 6, 1992, and had not responded to the State's answer on April 30, 1992, when the court entered its order dismissing the petition. Additionally, on appeal the public defender presses the same argument as it originally appeared in Hamilton's second petition which would suggest that, had the petition

not been summarily dismissed, nothing new would have been added or developed.

3. P–C.R. 1(12)(c) and (d) states:
(c) The State shall answer the Petition as provided in Section 4, supra. If the State fails to answer within thirty (30) days, or within any further reasonable time the court may fix, or the State in its answer fails to raise the defense of prior adjudication or abuse of the post-conviction process, the petition shall be handled pursuant to Sections 1 through 9, supra, of this Rule. Provided, however, the

tion proceeding is a special quasi-civil remedy whereby a defendant can present error which, for various reasons, was not available at time of original appeal. *Sewell v. State* (1992), Ind.App., 592 N.E.2d 705, 707. It is totally separate and distinct from the underlying criminal proceedings. *Phillips v. State* (1982), Ind., 441 N.E.2d 201, 203. Post-conviction proceedings are governed by rules and statutes applicable to civil proceedings. The petitioner has the burden of proving his claims by a preponderance of the evidence. P–C.R. 1(5).

Recently, our supreme court added Section 12 to P–C.R. 1 relating to successive petitions. P–C.R. 1(12)(b) allows for dismissal of a successive petition if the court finds the issues raised are frivolous. "Frivolous" is defined as foreclosed by statute, rule, or authoritative court decision and failing to raise a reasonable challenge to the prior decision or lacking in a reasonable factual basis in the record. P–C.R.1 (12)(b); *Cornelius v. State* (1991), Ind.App., 575 N.E.2d 20, 21–22, *trans. denied.*

■ The summary denial of an initial *pro se* petition for post-conviction relief is improper where the petitioner has not been allowed sufficient time to confer with counsel as provided in P–C.R. 1(2) and the trial court has not preceded its denial with the issuance of an order to show cause. *Joseph v. State* (1992), Ind.App., 603 N.E.2d 873, 875. The purpose of the requirement affording the public defender time to investigate and possibly amend the petition under P–C.R. 1(2), (3) and (4) is to insure representation of indigent petitioners and to promote judicial economy by presenting all known allegations of error in the original petition. It is the best way of rendering successive petitions unnecessary. *Holliness v. State* (1986), Ind., 496 N.E.2d 1281, 1282. However, the same was and is

not true as to second and subsequent petitions.

■ Prior to the addition of Section 12 to the rule, our supreme court held the requirements of P–C.R. 1(2) do not extend to second petitions. Therefore, summary denial of a second petition is permitted without referral to the public defender under P–C.R. 1(4)(e) even though this would be error if done with an initial post-conviction petition.[4] *Robinson v. State* (1986), Ind., 493 N.E.2d 765, 767. *See also Clay v. State* (1989), Ind.App., 533 N.E.2d 1270, 1272, *reh. denied, trans. denied.*

■ The overall objective of post-conviction relief is to provide an avenue for that exceedingly rare case where justice has not been served. That is why post-conviction relief is specifically provided for by supreme court rule and why those rules as to the first petition are so technically and meticulously drawn. First petitioners who believe themselves to have been unjustly convicted of a crime are given full and ample opportunity to present to the trial court all the reasons why they believe justice was not done in their case. Once their first petitions have been ruled upon, those deeming themselves aggrieved have had their second day in court. Thus, the legal need for a second or subsequent petition for post-conviction relief, that is, a third day in court, is rare indeed. The trial court, in consequence, is given broad authority to summarily dispose of such pleadings. Meritless second and subsequent petitions by their sheer volume tend to unduly clog court dockets and deny those with legitimate cases ready access to the courts. In all but the rarest of cases, such petitions are nothing more than repetitive collateral attacks upon criminal convictions which tend to frustrate the principle of finality,

---

petitioner shall not be entitled to another copy of any record previously provided at public expense in the former proceeding.
(d) If the State's answer affirmatively pleads prior adjudication or abuse of the post-conviction process, and the petitioner is indigent, incarcerated in the Indiana Department of Correction and requests representation, the court shall order the petition sent to the State

Public Defender, which may represent the petitioner as provided in Section 9(a), supra, of this rule.

4. The current version of the rule redesignates P–C.R. 1(4)(e) as subsection (f). It states: If the pleadings conclusively show that petitioner is entitled to no relief, the court may deny the petition without further proceedings.

which is essential for our criminal justice system. *See Teague v. Lane* (1989), 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334, *reh. denied* 490 U.S. 1031, 109 S.Ct. 1771, 104 L.Ed.2d 206.

■ Nothing in Section 12 limits the trial court's authority to dismiss a successive petition for post-conviction relief as frivolous at any time. Thus, in the present case, dismissal for frivolity was within the trial court's discretion even though the petition had been referred to the public defender and had been set for hearing. The trial court did not err by so doing.

In his second argument Hamilton claims the petition was not frivolous on its face. He maintains the allegation the judge .replayed witness testimony to the jury during deliberations could be reversible error.[5] In his petition, Hamilton stated the reason he did not previously raise this issue was because his counsel for his first post-conviction petition was ineffective.

■ Post-conviction proceedings are not a "super-appeal" which allows the rehashing of prior proceedings regardless of the circumstances surrounding them. *Terry v. State* (1990), Ind.App., 563 N.E.2d 1301, 1303. Absent a showing by the post-conviction petitioner an issue was unascertainable or unavailable at the time of trial and direct appeal, allegations of error arising therefrom may not be raised in post-conviction proceedings unless they raise to the level of fundamental error. P–C.R. 1(8); *Capps v. State* (1992), Ind.App., 598 N.E.2d 574, 577, *trans. denied.*

■ Hamilton's claim of ineffective post-conviction counsel in his first petition sufficiently explains his reason for not raising the issue in his first post-conviction petition. It does not, however, justify his failure to raise the argument on direct appeal. The record reveals Hamilton had different counsel for his direct appeal and for each of his two post-conviction petitions. Neither in his petition nor on appeal does Hamilton suggest his trial counsel or appellate counsel were ineffective. Therefore, Hamilton failed to show the alleged error was unascertainable or unavailable at the time of trial and direct appeal. The post-conviction process is not open to the raising of issues available to a petitioner upon his original appeal. *Harding v. State* (1989), Ind.App., 545 N.E.2d 14, 15, *reh. denied.* Additionally, Hamilton does not allege, nor do we find, the error to be fundamental error. *See James v. State* (1993), Ind., 613 N.E.2d 15, 25; *Cade v. State* (1992), Ind. App., 590 N.E.2d 624, 625.

For these reasons, the trial court did not err in summarily dismissing Hamilton's petition as frivolous pursuant to P–C.R. 1(12)(b). It was frivolous from the beginning.

. Affirmed.

MILLER, J., concurs.

SHIELDS, J., concurs in result with separate opinion.

SHIELDS, Judge, concurring in result.

I concur in result because James Hamilton's petition for post-conviction relief and successive petition form conclusively show he is not entitled to relief because he fails to assert that his counsel in his initial post-conviction proceeding was ineffective for failing to assert that his appellate counsel was ineffective. However, in my opinion, the post-conviction court erred in dismissing Hamilton's petition pursuant to Ind. Post–Conviction Rule 12(b) because that section concerns the lack of merit of an asserted error rather than the affirmative defense of prior adjudication or abuse of post-conviction process, a defense which the State did not raise in its answer. Nevertheless, the error is harmless because the post-conviction court should have denied the petitions pursuant to Ind.Post–Conviction Rule 1(4)(f).

---

5. Since Hamilton does not argue other issues contained in his second post-conviction petition, we will not address them.