Leonard KIRK, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A02–9307–PC–346.[1]

Court of Appeals of Indiana,
First District.

April 18, 1994.

1. This case was diverted to this office on February 21, 1994, by order of the Chief Judge.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Suzann Weber Lupton, Deputy Atty. Gen., Indianapolis, for appellee.

BAKER, Judge.

Today we decide whether a successive petition for post-conviction relief may be summarily dismissed when the State's answer is untimely. We also reiterate the consequence of failing to raise all available grounds for relief in an original petition for post-conviction relief.

Appellant-petitioner Leonard Kirk appeals the denial of his successive petition for post-conviction relief. Kirk contends that the post-conviction court improperly summarily denied his successive petition because (1) the State's answer was not timely, and (2) he asserted bases for establishing that his guilty plea was not voluntary and intelligent different from those asserted in his first petition for post-conviction relief.

**2.** IND.CODE 35–42–5–1.

**3.** IND.CODE 35–42–3–2.

*FACTS*

The uncontroverted facts relevant to this appeal are that on March 12, 1979, Kirk pled guilty to two counts of Robbery,[2] as Class B felonies, two counts of Kidnapping,[3] as Class A felonies, two counts of Criminal Deviate Conduct,[4] as Class A felonies, and Rape,[5] a Class A felony, pursuant to a written plea agreement. On April 10, 1979, the trial court accepted Kirk's guilty plea and sentenced him to sixty years in accordance with the terms of the guilty plea agreement.

On January 23, 1985, Kirk filed his first petition for post-conviction relief claiming that his guilty plea was not knowingly, intelligently, and voluntarily entered because the trial court failed to advise him properly. The post-conviction court eventually denied Kirk's petition because he failed to allege how the omission of certain advisements affected his decision to plead guilty. Kirk appealed and we affirmed the denial of his petition in an unpublished opinion. *See Kirk v. State* (1986), Ind.App., 499 N.E.2d 1186. Kirk was represented by counsel during his original petition, the related hearing, and his appeal.

On July 11, 1991, Kirk filed his second petition for post-conviction relief pursuant to Ind. Post–Conviction Rule 1(12) (1993) alleging that he received ineffectiveness of counsel at his guilty plea hearing and that his guilty plea was not knowingly, voluntarily, and intelligently entered because his attorney tricked him into pleading guilty. The State filed an answer on October 9, 1991, asserting the defenses of laches and abuse of the post-conviction process.

On January 17, 1992, the public defender entered an appearance on Kirk's behalf and requested a continuance. The court granted the continuance and scheduled a hearing for July 16, 1992. On July 6, 1992, the public defender requested a second continuance which was denied. At the July hearing the court asked the parties to file memoranda on whether Kirk's petition could be summarily denied. The court held a hearing on March

**4.** IND.CODE 35–42–4–2(a).

**5.** IND.CODE 35–42–4–1(a).

11, 1993, for Kirk to show cause why his petition should not be dismissed. On March 26, 1993, the court summarily dismissed Kirk's successive petition with prejudice finding it constituted an abuse of the post-conviction process in that the grounds Kirk presented in his second petition were available to him when he filed his first petition.

## DISCUSSION AND DECISION

### I. Successive Petitions Under P–C.R. 1(1)–(9)

■ Kirk first contends that the post-conviction court erred in summarily dismissing his second petition because the State's response was untimely. Specifically, Kirk contends that the post-conviction court erred in refusing to grant his request for a second continuance to afford the public defender time to investigate and possibly amend his petition pursuant to P–C.R. 1(2). We disagree.

Since the State's answer to Kirk's second post-conviction petition was untimely, the court was required to handle his successive petition pursuant to P–C.R. 1(1)–(9). *See* P–C.R. 1(12). Under these rules, a court may not summarily deny an initial pro se petition for post-conviction relief if the petitioner has not been allowed sufficient time to confer with counsel as provided in P–C.R. 1(2) and the court has not preceded its denial with the issuance of an order to show cause. *Hamilton v. State* (1993), Ind.App., 618 N.E.2d 52, 54, *trans. denied.* The purpose of this rule is to promote judicial economy by requiring a petitioner to present all known allegations of

error in his original petition so that successive petitions will be unnecessary. *Id.*

In light of the purpose of this rule, we find that although a successive petition is to be handled pursuant to P–C.R. 1(1)–(9) when the State's answer is untimely, it is not to be treated as an initial petition subject to the requirements of P–C.R. 1(2). Therefore, summary denial of a successive petition for post-conviction relief is permitted without referral to the public defender under P–C.R. 1(4)(e), although this would be error if done with an initial petition. *See id.* Because the post-conviction court could have summarily dismissed Kirk's successive petition without referral to the public defender, it was not error for it to deny the public defender's request for a second continuance or to deny Kirk's petition summarily one year and two months after the public defender entered an appearance.[6]

### II. Other Grounds Available for Relief

Next, Kirk contends that the post-conviction court erred in summarily dismissing his second petition because he asserted new or otherwise material facts as to why his guilty plea was not voluntary and intelligent. In Kirk's original petition, the post-conviction court retroactively applied *White v. State* (1986), Ind., 497 N.E.2d 893, and denied the petition because he failed to demonstrate the requisite harm from the trial court's omission of guilty plea advisements. We affirmed the post-conviction court and in doing so acknowledged that because Kirk was subjected to retroactive application of *White* he could file another petition if he had any other basis upon which to establish that his guilty plea was not voluntary and intelligent.[7] However,

---

**6.** Even if this were Kirk's first petition for post-conviction relief and the court were required to allow him time to confer with the public defender, it would not have been error for the court to dismiss Kirk's petition summarily under the circumstances of his case. Kirk's petition was summarily denied one year and two months after the public defender entered an appearance and obtained a continuance for Kirk and approximately six months after a show cause hearing was held. The public defender had been aware that the State had requested summary dismissal for approximately one year and five months. Summary dismissal only three months after the public defender, who was aware that the State requested summary dismissal, entered an appear-

ance was not error even with regard to an initial pro se petition. *Fortson v. State* (1987), Ind., 510 N.E.2d 1369, 1370–71.

**7.** Prior to *White,* a petitioner attacking a guilty plea needed only to show that he was not given the proper advisements. In *White,* our supreme court established the requirement that a petitioner also show that he was harmed by the omission, and required that this new standard be applied retroactively. To ameliorate the effect of retroactive application, petitioners who filed a petition relying on the old standard are permitted to file a subsequent petition if they had other grounds which would satisfy the new standard. *See White,* at 893.

we did not in our opinion, nor did the supreme court in *White,* exempt a petitioner from complying with the established rule that a petitioner raise all available grounds for relief in his original petition unless they were not available or were unknown to him at that time.

■ The purpose of the post-conviction relief process is to allow a petitioner to raise issues not known at the time of the original trial and appeal or for some reason not available to the petitioner at that time. *Schiro v. State* (1989), Ind., 533 N.E.2d 1201, 1204, *cert. denied.,* 493 U.S. 910, 110 S.Ct. 268, 107 L.Ed.2d 218. In seeking post-conviction relief, a petitioner must assert all available grounds for relief in his original post-conviction petition. P–C.R. 1(8). Failure to do so constitutes waiver unless the court finds a ground for relief which for sufficient reason was not asserted or was inadequately raised in the original petition. *Id.; Maxey v. State* (1992), Ind.App., 596 N.E.2d 908, 910. Thus, a petitioner may not assert grounds one, two, and three in his original petition and four, five, and six in a successive petition.

■ In Kirk's successive post-conviction petition, he argued that his guilty plea was not voluntary and intelligent because his counsel at his guilty plea hearing tricked him. This claim was available and known to Kirk when he filed his first petition for post-conviction relief yet he did not assert it therein; therefore, Kirk waived this claim. *See* P–C.R. 1(8); *Maxey,* at 910. Under P–C.R. 1(4)(f) a post-conviction court may summarily dismiss a petition as an abuse of the post-conviction process where the pleadings show that the petitioner is entitled to no relief. Here, the pleadings submitted established on their face that Kirk was not entitled to relief, as he asserted claims which were waived. The trial court did not err in summarily dismissing Kirk's successive petition as an abuse of process.

Judgment affirmed.

ROBERTSON and NAJAM, JJ., concur.