48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Donald MARSHALL, Petitioner/Appellant,
v.
Robert A. FARLEY, Respondent/Appellee.
 No. 94-1309.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 28, 1995.*
Decided March 1, 1995.
 
 Before BAUER, COFFEY, and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Donald Marshall appeals the district court's denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 Marshall was convicted of robbery and attempted murder in the state court of Indiana.[1] He directly appealed the convictions, arguing that the jury was improperly instructed on attempted murder and that there was insufficient evidence to convict him. The appellate court affirmed the convictions and the Indiana Supreme Court denied transfer. Marshall then sought habeas relief in federal court, raising the same two claims brought on direct appeal and additionally challenging the state trial court's failure to rule on two pro se motions he filed after his conviction. The district court dismissed Marshall's petition, finding that he had failed to exhaust his state remedies. On appeal, Marshall only raises the two issues not brought before the Court of Appeals of Indiana: that the state trial court did not rule on two pro se motions, one concerning the dismissal of his appointed counsel and the other regarding a violation of Indiana's speedy trial rules.[2]
 
 
 3
 On appeal, the state argues that Marshall's petition must be denied on grounds of exhaustion. It is true that a petitioner must exhaust available state remedies prior to presenting a claim in a federal habeas corpus proceeding. See, e.g., Duckworth v. Serrano, 454 U.S. 1 (1981); Pitchess v. Davis, 421 U.S. 482 (1975). Here, Marshall never presented the two issues raised here to any state court. Under Indiana procedural rules, all grounds for post-conviction relief which were available at the time of trial, direct appeal, or prior petition but were not raised in those proceedings are deemed waived. See Lane v. Richards, 957 F.2d 363, 366 (7th Cir.) (issues were not presented on direct appeal and relief would be barred by procedural default), cert. denied, 113 S.Ct. 127 (1992); Gosnell v. State, 483 N.E.2d 445, 447 (Ind.1985) (citing Ind.R.P.C. 1, at 8); Jewell v. State, 397 N.E.2d 946, 947 (Ind.1979). Marshall's claims were available to him on direct appeal, but he chose to raise other issues. If Marshall were to attempt to bring these claims to the Indiana courts now, they would be deemed waived. See Richards, 957 F.2d at 366; see also Charles A. Wright, et al., 17A Federal Practice and Procedure Sec. 4266 at 433 (a federal habeas petitioner has procedurally defaulted his claim when he has exhausted state remedies without obtaining any decision on the merits of his federal constitutional claim because he has not complied with state procedural rules).
 
 
 4
 With no state remedy available to him, we conclude that Marshall has exhausted his state remedies but has defaulted on the claims. This default is based upon "an independent and adequate state procedural rule," which bars federal review unless Marshall can show cause for and prejudice from his default. See Richards, 957 F.2d at 366 (citing Teague v. Lane, 489 U.S. 288, 297-98 (1989) (a procedural bar means that there is no "available State process" within the meaning of 28 U.S.C. Sec. 2254 and thus establishes exhaustion); see also Harris v. Reed, 489 U.S. 255 (1989) (federal court may enforce state's bar on collateral review if petitioner never presented claim). He has done neither, as he has not asserted any reason for failing to bring these claims on direct appeal to the Indiana Court of Appeals. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991) (issues waived under state law may be resurrected in federal court by a showing of cause for and prejudice from the default, or a fundamental miscarriage of justice).
 
 
 5
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Marshall was also convicted of criminal recklessness. The sentence for this conviction has been served and is not the subject of this petition
 
 
 [2]
 We note the unique route traveled by these two claims. Marshall filed the two motions while he was represented by appointed counsel. When the trial court did not rule on the motions precisely because Marshall was represented by counsel, Marshall requested that the trial judge be removed from the case. The Clerk of the Allen County Superior Court submitted the question to the Indiana Supreme Court. Chief Justice Shepard concluded that the trial court properly did not rule on the motions and returned the case to the trial court's jurisdiction. The path of these claims, however, does not alter the procedural requirements of habeas petitions. As discussed in the text, Marshall defaulted on these claims by failing to raise them on direct appeal