68 F.3d 477
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Randall WILBER, Petitioner-Appellant,
v.
Charles B. MILLER, Superintendent of the Correctional
Industrial Complex, Pendleton, Indiana, Respondent-Appellee.
 No. 93-3495.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 26, 1995.*
Decided Oct. 20, 1995.
 
 Before BAUER, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Randall Wilber, a state prisoner appearing pro se, appeals from the denial of his petition for a writ of habeas corpus, 28 U.S.C. Sec. 2254. We affirm.
 
 
 2
 In 1982, Wilber was convicted by a jury in the Superior Court of Delaware County, Indiana of felony murder, Ind. Code Sec. 35-42-1-1(2) (1977) (amended 1987, 1989), and sentenced to a thirty-year term of imprisonment at the Correctional Industrial Complex in Pendleton, Indiana. Represented by trial counsel, Wilber filed a direct appeal to the Supreme Court of Indiana alleging that (1) the trial court erred in overruling Wilber's objections to the testimony of Dr. James Benz on the grounds that it was hearsay and without foundation; (2) the trial court erred in refusing to give Wilber's tendered jury instruction on involuntary manslaughter as a lesser included offense of murder; (3) there was insufficient evidence to support the jury's verdict; and (4) the jury's verdict was contrary to law. The Supreme Court of Indiana affirmed the judgment of the trial court. Wilber v. State, 460 N.E.2d 142 (Ind. 1984). Stewart filed a post-conviction petition in the Superior Court of Delaware County raising the following claims: (1) that his conviction of felony murder as an accessory to the robbery was inconsistent with the principals' acquittal of murder and, therefore, in violation of his right to Due Process; (2) he was denied his right to effective representation of counsel at trial; and (3) the evidence was not sufficient to sustain his conviction. The post-conviction petition was denied and Wilber filed an appeal with the Court of Appeals of Indiana. The Court of Appeals affirmed the Superior Court's denial of the post-conviction petition. Wilber filed a request for transfer to the Supreme Court of Indiana, arguing that the Court of Appeals erred in failing to grant post-conviction relief on his claim of inconsistent verdicts. Transfer was denied.
 
 
 3
 Thereafter, Wilber filed the instant petition for writ of habeas corpus, 28 U.S.C. Sec. 2254, raising the following claims: (1) he was deprived of a fair trial when the trial court refused to submit a tendered jury instruction on involuntary manslaughter; (2) since the principals of the crime were acquitted of murder, his conviction for felony-murder was in violation of his right to Due Process and the Eighth Amendment; (3) the trial court's admission of medical records whose authors Wilber could not cross-examine was in violation of Wilber's Sixth Amendment right to confrontation of his accusers; (4) there was insufficient evidence to support his conviction of felony murder; and (5) he was denied effective counsel in violation of the Sixth Amendment. The petition was denied. This timely appeal follows.
 
 
 4
 Before entertaining the merits of a petition for habeas corpus, a federal court must determine whether the claims in the petition have been procedurally defaulted. Jones v. Washington, 15 F.3d 671, 674 (7th Cir.), cert. denied, 115 S. Ct. 28 (1994). "Procedural default in cases under Sec. 2254 depends on state law." Jenkins v. Gramley, 8 F.3d 505, 507 (7th Cir. 1993). "When a state would treat complete failure to present a claim as forfeiture, ..., the federal court may enforce the state's bar on collateral review." Reese v. Peters, 926 F.2d 668, 671 (7th Cir. 1991). To escape procedural default, the claim must be presented so as to "alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that issue." Verdin v. O'Leary, 972 F.2d 1467, 1474 (7th Cir. 1992). Procedural default may be excused only where a petitioner shows "good cause for the default and actual prejudice stemming from the default." Lemons v. O'Sullivan, 54 F.3d 357, 360 (7th Cir. 1995).
 
 
 5
 Under Indiana law, all claims that were available at the time of trial, direct appeal or the filing of a prior post-conviction petition but were not raised in those prior proceedings are considered forfeited. Gosnell v. State, 483 N.E.2d 445, 447 (Ind. 1985). Forfeiture also applies to claims not presented in a petition for transfer to the Supreme Court of Indiana. See Pinkston v. State, 479 N.E.2d 79, 81 (Ind. Ct. App. 1985). Wilber has procedurally defaulted on his claim of ineffective assistance of counsel by failing to raise it in his petition for transfer to the Supreme Court of Indiana. Since Wilber has no right to effective assistance of counsel after direct appeal, he cannot blame counsel for this default. Buelow v. Dickey, 847 F.2d 420, 426 (7th Cir. 1988), cert. denied, 489 U.S. 1032 (1989).
 
 
 6
 Wilber's claim that the introduction of medical reports based on "hearsay" violated his Sixth Amendment right to confrontation has also been procedurally defaulted. On direct appeal to the Supreme Court of Indiana, the claim was presented solely in state law terms - Wilber argued only that the admission of the reports violated Indiana's rule against hearsay; there was no claim of any violation of a federal constitutional right. Likewise, Wilber has procedurally defaulted on his claim of inconsistent verdicts. This claim was fairly presented in both his post-conviction petition to the Superior Court of Delaware County and on appeal to the Court of Appeals of Indiana - Wilber argued that since the other participants to the robbery (Billy Riley and Dennis Caldwell) were acquitted of murder, his right to due process was violated. However, this claim was not fairly presented in his petition for transfer to the Supreme Court of Indiana; Wilber argued only that the inconsistent verdicts violated Indiana law. Wilber does not allege any cause and prejudice regarding his procedurally defaulted claims.
 
 
 7
 Since Wilber's remaining claims (that the jury should have been instructed on involuntary manslaughter and that the evidence was not sufficient) have been exhausted and have not been procedurally defaulted, they will be addressed on the merits.
 
 
 8
 Jury Instruction on Involuntary Manslaughter
 
 
 9
 In reviewing the denial of a petition for habeas corpus under Sec. 2254, "[w]e extend great deference to the district court's findings of fact and review them under a clearly erroneous standard .... We subject the district court's findings of law and mixed findings of law and fact to de novo review." Griffin v. Camp, 40 F.3d 170, 172 (7th Cir. 1994) (citations omitted). Wilber argues that the Superior Court of Delaware County, Indiana, denied him due process by failing to instruct the jury on the "lesser included offense" of involuntary manslaughter. We disagree.
 
 
 10
 "[F]ailure to instruct on a lesser included offense, even if incorrect under state law, does not warrant setting aside a state conviction unless 'failure to give the instruction could be said to have amounted to a fundamental miscarriage of justice."' Nichols v. Gagnon, 710 F.2d 1267, 1269 (7th Cir. 1983) (quoting United States ex rel. Peery v. Sielaff, 615 F.2d 402, 404 (7th Cir. 1979)), cert. denied, 466 U.S. 940 (1984). Under Indiana law (both now and at the time of Wilber's crime), "no lesser homicide offenses are included in the crime of felony murder." Hopkins v. State, 582 N.E.2d 345, 352 (Ind. 1991). Moreover, the evidence would not have supported conviction of involuntary manslaughter. Since Wilber was not Disher's attacker, a conviction of involuntary manslaughter would have been possible only under Ind. Code Sec. 35-42-1-4 (1977), which provides:
 
 
 11
 A person who kills another human being while committing or attempting to commit: (1) a class C or class D felony that inherently poses a risk of serious bodily injury; (2) a class A misdemeanor that inherently poses a risk of serious bodily injury; or (3) battery ... commits involuntary manslaughter ....
 
 
 12
 Since the robbery resulted in bodily injury (the victim was knocked down resulting in several bloody cuts to the head), it constituted a Class A felony, Ind. Code Sec. 35-42-5-1 (1977) (amended 1982, 1984), thereby precluding any finding of involuntary manslaughter.
 
 Sufficiency of the Evidence
 
 13
 "The relevant inquiry for a federal habeas court reviewing a sufficiency of the evidence claim is 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."' Lemons, 54 F.3d at 364 (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We look to the applicable state law for the elements of the crime of conviction. Fagan v. Washington, 942 F.2d 1155, 1158 (7th Cir. 1991).
 
 
 14
 At the time of Wilber's offense, the felony murder statute in Indiana read, in pertinent part:
 
 
 15
 A person who ... kills another human being while committing or attempting to commit arson, burglary, child molesting, criminal deviate conduct, kidnapping, rape, or robbery ... commits murder, a felony.
 
 
 16
 Ind. Code Sec. 35-42-1-1(2) (1977). All participants in a robbery which results in a killing are deemed equally guilty of murder, regardless of which participant actually killed the victim. Rogers v. State, 315 N.E.2d 707, 709-10 (Ind. 1974); Ind. Code Sec. 35-41-2-4 (1977). An individual "kills" another if the injuries inflicted upon the decedent contributed either "mediately or immediately" to his death. Swafford v. State, 421 N.E.2d 596, 602 (Ind. 1981). "[T]he fact that other causes may also have contributed to the death does not relieve the actor of responsibility." Bivins v. State, 258 N.E.2d 644, 646 (Ind. 1970).
 
 
 17
 The record demonstrates that the evidence was sufficient. On September 1, 1981, Wilber and two accomplices (Riley and Caldwell) decided to rob Robert Disher. Wilber drove Riley and Caldwell to Disher's house, in Muncie, Indiana, and parked while Riley and Caldwell went to the house and knocked on the door. When Disher answered, Riley grabbed and twisted Disher's neck and pushed Disher backwards, knocking him down and causing his head to strike the floor. When Disher fell to the floor, the impact caused him to lose consciousness. At this time, Riley and Caldwell took his wallet from his person and fled. The three departed in Wilber's car and divided the money taken from Disher's wallet. A paramedic and police officer arrived at the scene and observed Disher inside his home lying on the floor. Disher was unconscious, he had regurgitated, and had several bloody cuts to the head. Thereafter, Disher underwent surgery to remove a blood clot overlying his brain. He did not regain consciousness and succumbed two weeks later.
 
 
 18
 Dr. Benz, the forensic pathologist who performed the autopsy on Disher, testified as to the cause of death. Specifically, Dr. Benz testified that trauma to the head caused a blood clot overlying the brain that in turn resulted in a coma and which in turn caused menengitis and pneumonia. These combined factors, which were the result of the September 1 attack on Disher by Riley and Caldwell during the robbery, caused Disher's death.
 
 
 19
 Wilber argues that since the blood clot could have been caused by an attack of Disher on August 28, 1981, when he was hit on the head with a metal pipe during the course of another robbery, the evidence does not support a finding that the September 1 attack caused his death. We disagree. Even if the blood clot was formed by the August 28 attack, the evidence clearly demonstrates that the September 1 attack aggravated this condition and caused the coma. Clearly, there was sufficient evidence to support a finding that the September 1 attack was a mediate cause of Disher's death.
 
 
 20
 For the foregoing reasons, the district court's denial of Wilber's petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record