105 F.3d 660
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James Earl FRY, Petitioner-Appellant,
v.
Jack DUCKWORTH, Respondent-Appellee.
 No. 96-1972.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 25, 1996.*
Decided Dec. 11, 1996.
 
 Before POSNER, Chief Judge, and MANION, and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 James Earl Fry, a pro se litigant, appeals from the district court's denial of his petition for a writ of habeas corpus, 28 U.S.C. § 2254. The district court concluded that Fry procedurally defaulted all the claims he raised in his petition. We affirm.
 
 Procedural History
 
 2
 In 1991, Fry was convicted of Theft and Burglary.[1] He was also found to be a Habitual Offender and sentenced accordingly. Fry appealed his conviction to the Indiana Court of Appeals, claiming there was insufficient evidence to sustain his conviction. The appeals court affirmed his conviction. Fry did not appeal this decision to the Indiana Supreme Court.
 
 
 3
 Fry has since filed two petitions for post-conviction relief in the Indiana courts. In the first, Fry claimed that his right to compulsory process was denied because the State failed to produce his mugshot, an essential piece of exculpatory evidence,[2] and that his appellate counsel was ineffective because she did not raise this issue on direct appeal. The post-conviction court denied Fry's petition.[3] First, it found that Fry had waived the compulsory process claim because he failed to raise it on direct appeal. Second, it found that Fry's appellate counsel was not ineffective and, thus, the waiver was not excused. Fry did not appeal the denial of his first petition. Fry's second petition for post-conviction relief raised a claim concerning his sentence.[4]
 
 
 4
 Fry raised four claims to the district court in his petition for writ of habeas corpus: the compulsory process claim described above; a claim based on the right to cross examine witnesses, also based on the missing mugshot; an ineffective assistance of trial counsel claim; and a due process claim again based on the State's failure to produce the mugshot. The district court found each claim procedurally defaulted: the compulsory process claim because the Indiana post-conviction court found it to be waived and Fry did not appeal that decision; and the other claims because they were never raised in any state court proceeding.[5]
 
 
 5
 On appeal, Fry raises the same four claims with one minor variation: he argues that not only was his trial counsel ineffective, but that his appellate counsel was ineffective as well.[6] He also argues that his procedural defaults should be excused because he has demonstrated both cause and prejudice for his default and that a failure to consider his claims will result in a fundamental miscarriage of justice.
 
 Analysis
 
 6
 Forfeiture of a claim under § 2254 "is a question of a state's internal law: failure to present a claim at the time, and in the way, required by the state is an independent state ground of decision, barring review in a federal court." Hogan v. McBride, 74 F.3d 144, 146 (7th Cir.1996) (citing Coleman v. Thompson, 501 U.S. 722, 729-44 (1991)). Under Indiana law, all claims that were available on direct appeal or at the filing of a post-conviction petition but were not raised in those proceedings are considered forfeited in subsequent proceedings. Ind. Post-Conviction R. 1, § 8; see also Tillman v. State, 511 N.E.2d 447, 448 (Ind.1987); Gosnell v. State, 483 N.E.2d 445, 447 (Ind.1985); Kirk v. State, 632 N.E.2d 776, 779 (Ind.Ct.App.1994).
 
 
 7
 Under Indiana law, Fry forfeited all four claims raised in the district court. As the Indiana Court of Appeals held, Fry forfeited his compulsory process claim by failing to raise it during his direct appeal even though it was available at that time. He forfeited the Confrontation Clause, ineffective assistance of trial counsel, and due process claims by failing to raise them in any state court proceeding, although these claims were also available to him at the time of his direct appeal and during his post-conviction proceedings. In addition to Fry's procedural defaults in the Indiana state courts, Fry forfeited his ineffective assistance of appellate counsel claim by failing to raise it in the district court. See Weber v. Murphy, 15 F.3d 691, 695 (7th Cir.), cert. denied, 114 S.Ct. 1865 (1994).
 
 
 8
 Fry could obtain federal review of his procedurally defaulted claims if he could show either cause for the default and actual prejudice resulting from the default, see Murray v. Carrier, 477 U.S. 478, 485 (1986) (discussing Wainwright v. Sykes, 433 U.S. 72 (1977)), or that federal review of his claims is necessary to prevent a fundamental miscarriage of justice, see id. at 496 ("[I]n an extraordinary case, where a constitutional violation has probably resulted in a conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). Ineffective assistance of appellate counsel may constitute cause for a procedural default. See Mason v. Hanks, 97 F.3d 887, 892 (7th Cir.1996) ("The Sixth Amendment ... entitles a criminal defendant to the effective assistance of counsel not only at trial, but during his first appeal as of right."); Precin v. United States, 23 F.3d 1215, 1218 (7th Cir.1994) ("[I]neffective assistance of counsel may excuse a procedural default.").
 
 
 9
 However, even if we ignore Fry's failure to assert in the district court the ineffective assistance of appellate counsel and conclude that Fry is arguing cause based on his appellate counsel's failure to raise these claims on direct appeal, Fry has not established that counsel's assistance was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984), and Lockhart v. Fretwell, 506 U.S. 364 (1993). Under Mason v. Hanks, 97 F.3d 887 (7th Cir.1996) and Gray v. Greer, 778 F.2d 350 (7th Cir.1985), when a claim of ineffective assistance of appellate counsel is based on that counsel's failure to raise an issue on appeal the petitioner must meet the two-prong Strickland test: that counsel's failure to raise Fry's current claims on appeal was "beyond the realm of reasonable professional judgment within the context of the case," Mason, 97 F.3d at 893, and that his failure was prejudicial to him. Id. Counsel's failure to raise Fry's current claims on direct appeal was clearly within the realm of reasonable professional judgment because, under both federal and state law, see id. at 894 (although in general federal habeas court has no authority to decide errors in state law, appropriate to consider state law in evaluating whether counsel provided effective assistance), Fry's claims are without merit.
 
 
 10
 Under both federal and state law, Fry's claims regarding the lost mugshot are unavailing unless he can make a threshold showing of bad faith on the part of the police. See, e.g., Arizona v. Youngblood, 488 U.S. 51, 58 (1988) ("[U]nless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence" is not unconstitutional); Jones v. McCaughtry, 965 F.2d 473, 477 (7th Cir.1992) ("Petitioner must first show bad faith on the part of the government in the destruction [or loss of the evidence]."); Balfour v. Hayes, 892 F.2d 556, 565 (7th Cir.1989) (no constitutional violation where "there is no showing of bad faith."); Rita v. Indiana, 663 N.E.2d 1201, 1204-5 (Ind.Ct.App.1996) (listing cases where Indiana courts have required proof of bad faith before granting relief in the case of lost or destroyed evidence). Fry has not argued bad faith on the part of the police or prosecutor, nor does the record reveal any evidence of bad faith.
 
 
 11
 Even if Fry had made this threshold showing, he must also show that the lost mugshot was material to his defense by showing that "the evidence possessed exculpatory value apparent before it was destroyed [or lost] and that it was of such a nature that he was unable to obtain comparable evidence by other means." Jones, 965 F.2d at 477; see also California v. Trombetta, 467 U.S. 478, 488 (1984); Holder v. State, 571 N.E.2d 1250, 1255 (Ind.1991) ("This Court [sic] follows the United States Supreme Court's decision in California v. Trombetta to determine the scope of the prosecutor's duty to preserve exculpatory evidence: [then quoting language from Trombetta cite]"). Fry meets neither of these criteria. First, it is unreasonable to conclude that the import of Fry's mugshot to his defense was apparent at the time it was taken and presumably lost (there is no evidence when the photograph was actually lost). A mugshot is taken as an administrative procedure, and there is no reason for the police to suspect that it will become a key piece of defense evidence.
 
 
 12
 But even if we were to assume that the government knew the mugshot might prove useful to Fry's defense, there is no way that Fry can meet the final requirement: that the mugshot was such that Fry could not obtain comparable evidence by other means. On the contrary, Fry himself provided comparable evidence by testifying that he had a full beard and mustache at the time of the robbery. (Ex. B at 166-69.) Further, Fry had notice that the mugshot may have been lost and also had sufficient time to arrange for other witnesses to testify in the same manner (the trial judge postponed judgment from Sept. 25, 1990 to October 30, 1990, after the prosecution disclosed the possible loss). (Ex. B at 151, 155, 163.) Thus, Fry's appellate counsel acted within the realm of reasonable professional judgment in not raising these claims on direct appeal because they are clearly non-meritorious.
 
 
 13
 Our discussion thus far makes it clear that Fry would not have prevailed even before the enactment of the Anti-Terrorism and Effective Death Penalty Act. Pub.L. 104-132, 110 Stat. 1214 (1996). Under that statute's standards, the result is equally plain. The Indiana post-conviction court held that Fry's appellate counsel was effective, and we must respect this decision unless it "involved an unreasonable application of [ ] clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (1996); Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir.1996). See also Neal v. Gramley, No. 96-1452, slip op. at 2 (7th Cir. October 30, 1996) (holding that when a state court has decided that a defendant received effective assistance of counsel "the petitioner must show that the state courts' determination was not merely incorrect, but 'unreasonable.' "). Here, Fry points us to no clearly established principle of federal law which would render the state court's conclusion unreasonable. Finally, although Fry argues throughout his brief that a fundamental miscarriage of justice has occurred because the mugshot would prove that he is innocent, he makes no showing of actual innocence so as to meet the fundamental miscarriage of justice standard. See Shlup v. Delo, 115 S.Ct. 851, 866-67 (1995).
 
 
 14
 Therefore, the district court judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Fry was originally convicted of these crimes in 1986. However, on appeal, the Indiana Supreme Court remanded for resentencing because the trial court failed to state its reasons for the sentence imposed. After his resentencing, Fry filed a petition for post-conviction relief which was granted on the ground that his jury waiver was invalid. In 1991, Fry was retried and convicted again. It is from the 1991 trial that he seeks relief
 
 
 [2]
 The mugshot was taken on the day of Fry's arrest. At trial, the State called a single eyewitness who testified that the person he saw burglarize a neighbor's house was clean shaven. Fry, who was arrested shortly after the burglary, claimed that the mugshot would show him with a full beard and mustache. He argued that the mugshot was essential because it would prove he was not the man seen by the State's witness
 
 
 [3]
 A copy of this decision is not included in the record. However, the decision is quoted--apparently in its entirety--in Fry's second petition for post-conviction relief, which is in the record. (See Ex. A at 4-6.) Further, Respondent-Appellee summarizes the decision in its Brief, (see Appellee Br. at 3), and Fry states that Respondent-Appellee's statement of facts is correct. (Appellant Reply Br. at 2.)
 
 
 [4]
 On the record before us we are unable to determine the status of Fry's second petition for post-conviction relief
 
 
 [5]
 Although Fry did raise an ineffective assistance of counsel claim in state court, it was in regard to his appellate counsel. In district court, Fry argued that his trial counsel was ineffective
 
 
 [6]
 It is unclear from his brief whether Fry is arguing that his counsel on direct appeal was ineffective or that his counsel on appeal from the post-conviction court decision was ineffective. We construe his claim as challenging the effective assistance of counsel on direct appeal because there is no constitutional right to effective assistance of counsel in state post-conviction proceedings. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)