GEORGE GROSS v. STATE OF INDIANA.

[No. 2-574A122. Filed December 30, 1974. Rehearing denied February 3, 1975. Transfer denied September 30, 1975.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *William B. Bryan*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert E. Dwyer* Deputy Attorney General, for appellee.

LYBROOK, J.—Petitioner-appellant Gross sought and was denied relief pursuant to Ind. Rules of Procedure, Post-Conviction Remedy Rule 1. From the overruling of his motion to correct errors, Gross appeals presenting the following issues for review:

1. Whether Ind. Rules of Procedure, Criminal Rule 4 (B), governing motions for early trial, is unconstitutional on its face.
2. Whether petitioner was wrongfully refused the right to proceed *pro se* at his original trial.

Petitioner's conviction for First Degree Burglary was affirmed by our Supreme Court in *Gross* v. *State* (1972), 258 Ind. 46, 278 N.E.2d 583. Those facts relevant for a determination of this appeal appear therein as follows:

"The facts pertaining to this issue are as follows. June 17, 1970, appellant was charged with the crime of first degree burglary. On June 19, 1970, appellant's counsel entered an appearance, appellant waived arraignment and entered a plea of not guilty. On August 14, 1970, appellant moved for a continuance and the motion was granted. August 18, 1970, appellant, by letter, requested an early trial and the court set trial for September 14, 1970. On September 2, 1970, appellant's privately employed counsel withdrew. Then, September 14, 1970, the day set for trial, appellant appeared in court without counsel. The trial court then appointed counsel for appellant and continued the case until September 28, 1970, in order to allow the new counsel time to prepare his case. On September 28, 1970, the State moved for a continuance which was granted and trial was set for November 2, 1970. October 28, 1970, the appellant filed a written waiver of jury trial. On November 2, 1970, the State filed a written motion for continuance under CR. 4 (D) which was granted. Trial was set for November 30, 1970, to which appellant objected, again demanding an early trial. The objection was overruled. On November 9, 1970, appellant wrote the trial court requesting discharge under CR. 4 (B) which was denied. The trial court's basis for denial was that appellant's appearance in court without counsel on September 14, 1970, was a delay chargeable to defendant. On November 30, 1970, the case was called for trial. Appellant moved for discharge which was denied and trial commenced."

The sole issue presented in petitioner's direct appeal was whether he was denied an early trial pursuant to CR. 4(B), and, in turn, whether the trial court erred in overruling his motion for discharge. The court determined that the delay in bringing petitioner to trial was precipitated by his appearance in court without counsel after withdrawal of his privately retained attorney and that such delay was chargeable to petitioner.

On November 2, 1973, Gross filed his petition for post-conviction relief. The only grounds asserted therein bearing any relevance to the issues presented in this appeal are as follow:

"Petitioner was tried without the boundaries of the time for trial allowed by law, per Indiana Rules of Procedure: Criminal Rule 4(B); and Amendments 4, 6, and 14 of the U.S. Constitution.

Court was without jurisdiction to try the charge; therefore, imposition of sentence was unlawful.

Petitioner has the right to represent himself, as proved by this action, yet was refused the right to do so at trial."

The State answered, asserting *inter alia*, the defenses of waiver and previous adjudication. Following hearing, the court denied the relief sought. Those findings of the court attacked by petitioner's motion to correct errors appear as follows:

"5. The Court further finds that the Petitioner has not shown by a preponderance of the evidence that his conviction was obtained in violation of the Constitution of the United States or the Constitution or Laws of the State of Indiana.

6. The Court further finds that the matters complained of in the Petitioner's Petition for PCR have been adversely ruled against the Petitioner in the cause of the Supreme Court of Indiana and in which cause the Supreme Court affirmed this Court.

10. The Court further finds that there was no violation of any of the Constitutional rights of the Petitioner,

9. The Court further finds that any errors made by the Court as stated in Item 8 of the Petitioner's Petition for PCR have been waived.

7. The Court further finds that this Court had jurisdiction to try the charges and the imposition of the sentence was lawful.

12. The Court further finds that the law is with the State of Indiana and against the Petitioner."

Rule PCR. 1, §§ 1 (b) and 8 provide, respectively:

"This remedy is not a substitute for a direct appeal from the conviction and all available steps including those under Post-Conviction Remedy Rule 2 should be taken to perfect such an appeal. * * *."

"All grounds for relief available to a petitioner under this rule must be raised in his original petition. Any ground finally adjudicated on the merits or not so raised and knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence, or in any other proceeding the petitioner has taken to secure relief, may not be the basis for a subsequent petition, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original petition."

It was not the intent of our Supreme Court in promulgating the rules relating to post-conviction remedies to provide a means whereby a criminal offender could repeatedly re-litigate claims of improper conviction. Likewise, the rules were not intended to create an avenue for untimely challenge of proceedings after a legitimate waiver of the right to appeal. *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538. Thus, where an issue, although perhaps differently assigned, was previously considered and determined upon defendant's direct appeal, the State may defend on the grounds of prior adjudication or *res judicata*. *Layton* v. *State* (1974), 261 Ind. 567, 307 N.E.2d 477. Further, the State may assert waiver where a petitioner does not present new matters but rather seeks review of an issue which was available upon

his original appeal. *Brown* v. *State* (1974), 261 Ind. 619, 308 N.E.2d 699.

The burden of raising the defenses of waiver and prior adjudication rests upon the State. Where it has instead chosen to meet a petitioner's allegations on the merits, our review will likewise be on the merits. *Langley* v. *State, supra.* Further, if the trial judge, in his findings and conclusions, ignores the issues of waiver and prior adjudication and chooses instead to rest his rulings upon the merits of the petitioner's claims, it is incumbent on the State to file cross-errors on appeal alleging error in the failure to make such findings. *Johnson* v. *State* (1974), 262 Ind. 183, 313 N.E.2d 542.

In the case at bar, the State has asserted the above defenses at all stages of the proceedings. Further, the trial court specifically found in favor of the State on these claims. The public defender argues that the substantive issues of this appeal have not been previously litigated and therefore are properly maintainable in this post-conviction proceeding. We cannot agree. Examination of petitioner's contentions compels the conclusion that they are so inseparably related to the issues determined in his original appeal that the defenses of waiver and prior adjudication must prevail.

CR. 4(B) provides that a movant for an early trial shall not be entitled to discharge for failure to try within fifty judicial days where the delay has been caused by his act. Petitioner contends that this exception should be deemed unconstitutionally vague. Petitioner's prior appeal litigated the question of whether the delay in his trial was caused by his act. It is therefore apparent that petitioner is merely attempting to achieve through a variation in grounds relief which was denied by prior adjudication. Such argument having been available when petitioner prosecuted his original appeal, it must now be deemed waived.

On these same grounds, we must conclude that petitioner has waived his second argument propounded in this appeal,

being that he was allegedly refused the right to proceed to trial *pro se*. Such assertion of error was available in his original appeal. Moreover, it was therein determined that while he was apparently willing to proceed to trial without representation, petitioner acquiesced in the appointment of counsel and the continuance for preparation time.

No reversible error having been demonstrated, the denial of the relief sought must be affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 320 N.E.2d 817.