Brian CAMBRIDGE, Appellant,

v.

STATE of Indiana, Appellee.

No. 584S166.

Supreme Court of Indiana.

Oct. 12, 1984.

Susan K. Carpenter, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant-Petitioner Brian Cambridge was convicted for attempted murder and sentenced to thirty (30) years imprisonment. Upon appeal to this Court his conviction was affirmed. *Cambridge v. State*, (1981) Ind., 428 N.E.2d 1252, *reh. denied*. Appellant filed a petition for post-conviction relief under Ind.R.P.C. 1, which was denied December 15, 1983. He now appeals denial of that petition.

Petitioner's sole assertion on this appeal is that the trial court erroneously found the issue presented for post-conviction relief barred by *res judicata*.

At petitioner Cambridge's criminal trial for attempted murder, during cross-examination by Cambridge the victim responded to a question by mentioning a guilty plea which Cambridge had entered but withdrawn. The defense objected, and moved that the answer be stricken, the jury admonished to disregard it, and for a mistrial. The trial court granted the motion except for the mistrial.

Upon direct appeal this Court affirmed, holding that as the improper testimony did not come from a figure with authority and was not procured by fault of the State, the admonition to the jury presumptively cured the prejudice otherwise having resulted from the remark. Accordingly, a mistrial was held not to have been necessary because the accused was not placed in a position of grave peril to which he should not have been exposed. Petitioner claims the trial court erred in denying a mistrial. He claims, for post-conviction relief purposes, his federal due process and equal protection rights were violated by the denial of a mistrial. Petitioner supports this claim by arguing that the striking of evidence and admonishment of the jury was ineffective to cure the prejudice caused by the victim's reference to his withdrawn guilty plea. The State does not deny this testimony was improper under State and Federal law, but contends this issue was decided against Petitioner in his direct appeal, and is therefore not subject to review in the post-conviction proceeding. *Cambridge, supra.*

This Court held in the original appeal not that the testimony in issue was properly before the jury, but rather the curative steps taken by the trial court effectively protected Petitioner from being placed in grave peril to which he should not have been exposed.

 Petitioner advances no federal principles of determining when mistrials are the appropriate remedy. Petitioner's citation to Federal principles of law in his argument is confined to one case that established a prosecutor's introduction and trial court's admission of an aborted guilty plea was improper, *Kercheval v. United States,* (1927) 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009, and to the Constitutional Amendments upon which that principle was based. There is no contention in this case that there are any Federal principles, not already implicitly considered, which this Court ought to take into consideration in reviewing whether a mistrial was necessary. The standard of review applied by this Court on direct appeal concerning motions for mistrials is as follows:

> "Such a motion must be granted where the event at trial upon which it is predicated has placed the accused in a position of grave peril to which he should not have been exposed. *Maldonado v. State,* (1976) 265 Ind. 492, 355 N.E.2d 843." *Cambridge, supra.*

Inherent in this standard are the fundamental requirements of due process and equal protection as mandated by the Fourteenth Amendment.

Accordingly, the State's position that a consideration of this issue would constitute review of an issue decided on direct appeal or *res judicata* is correct. *See, Richardson v. State,* (1982) Ind., 439 N.E.2d 610 *reh. denied.* Issues raised and determined on appeal are not available as grounds for post-conviction relief, and cannot be reviewed in a post-conviction proceeding. Ind.R.P.C. 1 § 8; *Adams v. State,* (1982) Ind., 430 N.E.2d 771. In *Gross v. State,* (1974) 162 Ind.App. 649, 320 N.E.2d 817, *trans. denied,* the court held that where an issue, *although differently designated,* was previously considered and determined upon a criminal defendant's direct appeal, the State may defend against defendant's post-conviction relief petition on grounds of prior adjudication or *res judicata.* (emphasis added) Ind.R.P.C. 1 § 8. Petitioner argues he is still entitled to consideration of this issue in a post-conviction proceeding because federal rights, involved in protecting a defendant from exposure of an aborted guilty plea, were not previously addressed by this Court. We cannot agree. Examination of Petitioner's contention compels the conclusion that it is so inseparably related to the issue determined in his original appeal that the defense of prior adjudication must prevail. There was no error in denying the relief Petitioner sought.

Petitioner also mentions in his argument subsequent references made to the guilty plea, but unobjected to at trial. The State correctly contends that any issue regarding this testimony is waived because it was available on direct appeal and not raised then. Ind.R.P.C. 1, §§ 1(b) and 8; *Gross, supra; Harrison v. State,* (1975) 166 Ind.App. 602, 337 N.E.2d 533, *trans. denied.*

Finding no error, the denial of relief sought must be affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.