Raymond R. SCHWASS, Appellant,

v.

STATE of Indiana, Appellee.

No. 15S00–8802–CR–259.

Supreme Court of Indiana.

June 1, 1990.

Susan K. Carpenter, Public Defender, Indianapolis, Kenneth M. Stroud, Sp. Asst. to the State Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Attempted Robbery Resulting in Bodily Injury, a Class A felony, for which he received an enhanced sentence of forty (40) years.

The facts are: On July 28, 1983, the victim, Roy Sparks, was driving on Interstate 74 in Dearborn County when he saw appellant hitchhiking and stopped to pick him up. As they drove down the road, appellant asked Sparks if he would buy him a soft drink at the next exit. Sparks testified that appellant was behaving strangely, so he told him he would buy him a soft drink but that he did not have much money because it was the end of the month, and he had not received his Social Security check.

For some reason, this statement by Sparks caused appellant to become angry. While the automobile was still in motion, appellant started kicking Sparks and told him if he did not give him his money, he would "kick the hell out of" him.

As the kicking continued, Sparks was able to pull the car over to the berm of the road. Appellant then opened the passenger-side door and attempted to pull Sparks from the car; Sparks, however, was able to resist this attempt. Appellant then ran around the automobile, opened the driver's-side door and again started kicking Sparks. The kicking was so violent that part of the structure on the ceiling of the car was broken, and Sparks was struck in the face causing swelling to his cheek and jaw and a bruise on the underside of his left jaw. He received several other, minor abrasions on his body and legs.

During this attack, Sparks was able to put the car in gear. As the car proceeded down the berm of the road, appellant clung to the car and shouted that he was going to "kick the hell out of" Sparks and that he would "get" him if he reported the incident to the police. As the car accelerated, appellant was forced to release his hold.

Sparks then drove to his home, reported the matter to the police, and gave them a description of appellant. Approximately two hours later, a Harrison, Ohio police officer recognized and arrested appellant for the attack on Sparks.

■ Appellant claims the trial court abused its discretion in denying his petition for a psychiatric examination prior to sentencing. Indiana Code § 35-38-1-10 provides:

"The court may order that the convicted person:
(1) undergo a thorough physical or mental examination in a designated facility as part of the presentence investigation; and
(2) remain in the facility for examination for not more than ninety (90) days."

Appellant's request for the psychiatric evaluation prior to sentencing was not filed with the court until the day set for the sentencing hearing, which was nine days after the verdict of the jury.

In *Montano v. State* (1984), Ind., 468 N.E.2d 1042, 1045, this Court stated:

"Where there has been a determination of competency to stand trial and no event or occurrence subsequent to the determination is offered to indicate a change to the trial court, he does not abuse his discretion in denying a further hearing on the subject."

In the case at bar, prior to trial, appellant had filed a petition with the court for psychiatric examination to determine whether he was competent to stand trial. The trial court granted that petition and two doctors were appointed to examine appellant.

Both doctors, R.L. Meyers and J.J. Kelley, filed separate reports with the court stating in effect that appellant showed no overt evidence of delusions or hallucinations; that his orientation as to time, place, and person was intact; that there was no evidence of recent or remote memory impairment; that his intelligence was estimated to be in the average range; that he was able to understand the charges against

him; and that he was able to cooperate with his attorney in his defense.

Appellant contends the presentence examination should have been ordered because his history shows psychological and emotional problems and drug and alcohol abuse. It is quite common to see a sociopathological background in persons charged with a crime. However, the statute leaves it to the discretion of the trial judge as to whether a psychiatric evaluation is in order prior to sentencing.

In the case at bar, the trial judge had the benefit of the physicians' reports rendered prior to trial, his own observation of appellant during the trial, and a presentence report filed by the probation officer. We cannot say, under the circumstances, that the trial judge abused his discretion in refusing to order a second psychiatric evaluation of appellant. We see no error in the refusal of that request.

■ Appellant claims the trial court erred in sentencing him based upon a defective presentence report. He contends the presentence report did not comply with Ind.Code § 35–38–1–9, which requires that the report include a victim's statement or a probation officer's certificate that the victim was offered the opportunity to make a statement. Appellant cites the cases of *Beland v. State* (1985), Ind., 476 N.E.2d 843; *Isom v. State* (1985), Ind.App., 479 N.E.2d 61; and *Busam v. State* (1983), Ind.App., 445 N.E.2d 118.

However, the rulings in those cases have been modified by this Court in *Wallace v. State* (1985), Ind., 486 N.E.2d 445, *cert. denied*, 478 U.S. 1010, 106 S.Ct. 3311, 92 L.Ed.2d 723. Although the *Wallace* case actually turned on the fact that the omitted statement was not actually that of a victim of the crime, the court nevertheless proceeded to examine the holding in the above cases and correctly held that the intent of the legislature in providing for victim's statements was to give the victim an opportunity to have some input into the sentence to be rendered.

This Court stated in *Wallace, supra:*

"It is clear that these statutes were primarily intended to address the social concerns for victims' rights so that a victim of a crime might have an opportunity to address the court concerning proper punishment. This was seen to counter societal perceptions that the Legislature and Courts are unconcerned with the victims' sense of justice in a particular case."

We went on to say:

"Further, there is no indication these statutes were intended as Defendant would have us construe them, namely: to create a right on the part of Defendant to have particular information included in his presentence report. On the contrary, Ind.Code § 35–5–6–4 explicitly states it is designed for the benefit of the victims and gives no additional rights to defendants. Ind.Code § 35–5–6–5 broadened the definition of 'victim' and created more stringent requirements by bringing the actual victim's next of kin into the process. It is obvious that the intent of these statutes is to respond to an attitude of victims that might feel the defendant will be sentenced too leniently and not as an additional provision to benefit the defendant." *Id.* at 462–63.

In appellant's case, this precise issue was raised at the sentencing hearing. Counsel for the State and for appellant argued vehemently their respective sides of the issue. It is interesting to note that the trial judge, in making his ruling, made statements that closely parallel the statements of this Court in *Wallace*. We further note that the trial judge made these statements on February 9, 1984, and *Wallace* was not decided until December 6, 1985. This Court now perceives that Judge Baker was correct in his ruling in this case and that the statements made in *Wallace* are correct. To the extent that the cases cited above appear to hold to the contrary, they are expressly overruled.

■ Appellant claims he is entitled to the benefit of an ameliorative sentencing provision which was enacted within two weeks of his sentencing and which did not expressly provide that such legislation applied solely to future cases. After appel-

lant had attempted the robbery at issue here, the legislature amended Ind.Code § 35–42–5–1 to read that in order for robbery to rise to a Class A felony, serious bodily injury must have been inflicted, whereas prior to 1984 the statute provided that bodily injury was sufficient to elevate the offense to a Class A felony.

Appellant takes the position that the injuries to the victim in this case were not sufficient to qualify as "serious bodily injury." While that might be debatable under the facts in this case where appellant repeatedly kicked the victim about his legs, body, and head, the fact remains that appellant was charged under the statute in effect at the time the attack occurred.

The charging affidavit charged only bodily injury, not serious bodily injury. The amended statute did not take effect until after appellant had been sentenced. This Court has held that subsequently enacted ameliorative statutes are available only if the statute becomes effective *before* sentencing. *See Watford v. State* (1979), 270 Ind. 262, 384 N.E.2d 1030.

In *Terrell v. State* (1979), 180 Ind.App. 634, 390 N.E.2d 208, the appellant sought to take advantage of the ameliorative statute which took effect after he was sentenced. His contention was rejected by the Court of Appeals. Although *Terrell* was decided under the 1977 revision of the penal code which contains a specific saving clause, the court nevertheless went on to discuss the general principles involved which form an independent basis for rejection of the claim that the defendant should be permitted to take advantage of the ameliorative statute. The same principle is discussed in *Davidovic v. State* (1980), Ind. App., 408 N.E.2d 647.

The most recent pronouncement concerning this question can be found in *Harris v. State* (1985), Ind., 481 N.E.2d 382. Although that case turned on the question of appellant's waiver of the issue by his failure to object at the proper time, the Court went on to say:

"Even if appellant had properly preserved this issue, it would not dictate a reversal because his sentencing occurred prior to the effective date of the new statute." *Id.* at 386.

Appellant points out that the cases cited in *Harris* involve statutes containing specific saving-clause provisions. However, as observed in *Watford*, such is not dispositive of the issue. In *Watford*, Justice Prentice proceeded to discuss the issue in general and observed the general rule to be that if appellant is sentenced prior to the effective date of the ameliorative statute, he does not receive the benefit thereof.

Appellant claims the holding in *Lewandowski v. State* (1979), 271 Ind. 4, 389 N.E.2d 706 is contrary to the holding in *Harris*. However, in *Lewandowski*, the defendant was sentenced on October 27, 1975, whereas the ameliorative statute had come into effect on July 29, 1975. Thus, the ameliorative statute was in effect at the time the appellant was sentenced; thus it appears to follow rather than to contravene the principles of law laid down in the above-cited cases. We see no error in the manner in which appellant was sentenced.

Appellant contends the trial court erred by enhancing his sentence from the presumptive thirty (30) years to forty (40) years, although he concedes the trial judge did in fact give two specific reasons: 1) that the victim was sixty-five years of age, and 2) that appellant had an extensive criminal record. Appellant takes issue with the judge's finding that the victim was sixty-five years of age. He points out that the only evidence concerning appellant's age was that he was born in 1918. Inasmuch as the attack occurred in July of 1983, it is possible that the victim had not yet fully attained the age of sixty-five years and that his birthday might well have occurred after the July attack.

Although it is true that the statute provides that the judge may consider the age of sixty-five or more in aggravation of the crime, this Court repeatedly has held that the statutory reasons for enhancement are not exclusive and that the trial court may consider additional factors as aggravating circumstances. *Callahan v. State* (1988), Ind., 527 N.E.2d 1133; *Shields v. State*

(1988), Ind., 523 N.E.2d 411. The record in this case shows that appellant was a 21–year–old man, five feet eight inches tall and weighed one hundred eighty pounds. He was found guilty of attempting to rob a man either sixty-five or near the age of sixty-five by repeatedly kicking the victim. We cannot say the trial judge erred in taking those circumstances into consideration in rendering his judgment.

■ Appellant also claims the trial court did not articulate in what manner he took into consideration appellant's extensive criminal history. However, an examination of the sentencing hearing discloses that the trial judge, in talking directly to appellant, read from appellant's arrest·record, which included several assaults including assaults on a police officer and a fireman. The judge pointed out to appellant that the very issue before the court was the assault of another person. The sentencing record in this case discloses ample reason for the enhancement of appellant's sentence. The facts support the observation of the probation officer in her presentence investigation that appellant was assaultive and a dangerous person.

In directly addressing appellant, the trial judge stated: "At your age, as I say, I've never seen a record this bad at twice your age or three times your age." Even if we totally discount the age of the victim taken into account by the trial judge, there still remains the aggravating factor of appellant's criminal history. This Court has held that one aggravating factor is all that is necessary to support the enhancement of a presumptive sentence. *Id.; see also Beard v. State* (1983), Ind., 448 N.E.2d 1078. In *Dumbsky v. State* (1987), Ind., 508 N.E.2d 1274, we held that the sole factor of the defendant's criminal record was sufficient to support an enhanced sentence.

■ Appellant claims that the trial judge did not properly consider mitigating circumstances. He recites as mitigating circumstances his age, his addiction to alcohol and drugs, and his belligerent nature. None of these can be considered to be mandatory mitigating circumstances. It is

the very nature of the criminal to have sociopathic tendencies. We see nothing in this record to obligate the trial court to acknowledge or discuss what appellant now claims are mitigating circumstances. *Splunge v. State* (1988), Ind., 526 N.E.2d 977, *cert. denied,* —— U.S. ——, 109 S.Ct. 3165, 104 L.Ed.2d 1028; *Hammons v. State* (1986), Ind., 493 N.E.2d 1250. The trial court did not err in giving appellant an enhanced sentence.

■ Appellant contends that the forty (40) year sentence imposed is manifestly unreasonable in that it is excessive, and it fails to follow the rational sentencing scheme. As appellant acknowledges, this Court will not set aside a sentence unless no reasonable person could find such a sentence appropriate to the particular offense and offender. Ind.R.App.Rev.Sen. 2; *Spranger v. State* (1986), Ind., 498 N.E.2d 931, *cert. denied,* 481 U.S. 1033, 107 S.Ct. 1965, 95 L.Ed.2d 536.

Appellant points out that he used no weapon in the attack and that his abnormal behavior was due to his psychological and emotional problems; thus he should not receive such a severe sentence. Although appellant used no weapon such as a gun or a knife, he did violently and repeatedly kick a person in his sixty-fifth year of age while making repeated demands that the victim give him his money. We cannot say, under the circumstances, that the facts in this case warrant overriding the judgment of the trial court.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.