**Jeffrey P. JONES, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 48S00–9507–CR–00862.

Supreme Court of Indiana.

Dec. 31, 1996.

Robert W. Rock, Anderson, for Appellant.

Pamela Carter, Attorney General, Janet L. Parsanko, Deputy Attorney General, for Appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

On January 5, 1995, defendant Jeffrey P. Jones pled guilty to the charge of Murder.[1] On March 20, 1995, the trial court conducted its sentencing hearing and imposed a sentence of 60 years.[2]

Jones presents three issues for review on this direct appeal:

1) Whether the trial court properly considered the statutory requirements regarding aggravating and mitigating circumstances when imposing an enhanced sentence;

2) Whether the trial court improperly permitted victim-impact evidence at the sentencing hearing; and

3) Whether Jones knowingly and voluntarily entered his guilty plea, and whether there was an adequate factual basis to support the acceptance of the plea.

### Background

On September 19, 1994, Jeffrey Jones shot and killed his wife, Kimberly Jones, while she was sitting in the backseat of a Chevette parked at her residence in Anderson, Indiana. At the time of the shooting, there was a baby and three other children, all under the age of five, in the car with Mrs. Jones. Defendant admitted that he was responsible for the death of his wife but he could not say why he shot her.

### I

Defendant claims that the trial court improperly applied the statutory requirements of Ind.Code § 35–38–1–7.1 (1995 Supp.) in four respects when it enhanced the presumptive sentence due to the finding of aggravating circumstances: (i) the trial court gave only terse support to the finding of certain aggravating circumstances; (ii) some of the trial court's findings were nothing more than a mere repetition of statutory language; (iii) the trial court improperly applied the statutory aggravating circumstance of "depreciate the seriousness of the crime" since the trial court was not considering imposing a sentence of less duration than the presumptive sentence; and (iv) the trial court failed to consider as a mitigating circumstance the fact that defendant had experienced a troubled upbringing and was diagnosed as suffering from bi-polar disorder.

In *Joshua P. Smith v. State*, 675 N.E.2d 693 (Ind.1996), we concluded that P.L. 158–1994, which provides a presumptive 40–year sentence for murder subject to a 20–year

---

1. Ind.Code § 35–42–1–1 (1993).

2. The trial court enhanced the defendant's murder sentence as permitted by Ind.Code § 35–50–2–3 (1994 Supp.). As will be discussed, *infra* part I, this code section was twice amended by the legislature in 1994—in P.L. 158–1994 and in

P.L. 164–1994. The record here seems to suggest that the trial court followed P.L. 164–1994. *See Joshua P. Smith v. State*, 675 N.E.2d 693 (Ind.1996) (holding P.L. 158–1994, not P.L. 164–1994, governs sentences for murders committed between July 1, 1994, and May 5, 1995).

enhancement, rather P.L. 164–1994, which provides a presumptive 50–year sentence for murder subject to a ten-year enhancement, governs murders committed between July 1, 1994, and May 5, 1995. Because the record suggests that the trial court used P.L. 164–1994 in this case, we remand for re-sentencing. In the interest of judicial economy, we nevertheless address the sentencing issues raised by defendant.

■ 1. Defendant's assertion that the trial court's sentencing order was impermissibly terse is not supported by the record. When a trial court enhances a sentence, its sentencing order must identify all of the significant mitigating and aggravating circumstances, state the specific reason why each circumstance is considered mitigating or aggravating, and articulate that the court evaluated and balanced mitigating circumstances against the aggravating circumstances to determine if the mitigating circumstances offset the aggravating circumstances. *Henderson v. State,* 489 N.E.2d 68, 71 (Ind.1986). The trial court's sentencing statement here met these requirements.

■ Ind.Code § 35–38–1–7.1(b)(1) (1995 Supp.) provides that a court may consider as an aggravating circumstance the fact that the person has recently violated the conditions of any probation, parole, or pardon granted to the person. To support the finding of this aggravator, the trial court's sentencing statement noted that defendant had three prior probation violations before the instant offense was committed.

■ Ind.Code § 35–38–1–7.1(b)(2) provides that a person's history of criminal or delinquent activity may be used to support the finding of an aggravating circumstance to enhance a sentence. Because some statements of aggravating circumstances are merely conclusory they must be substantiated by specific facts. For example, if a defendant has a history of criminal activity, the incidents comprising such activity should be recited. *Hammons v. State,* 493 N.E.2d 1250, 1254 (Ind.1986). The trial court supported the finding of this aggravator by specifically identifying several past incidences of

criminal conduct by defendant. Those incidences were illegal consumption, conversion, robbery, marijuana possession, public intoxication, and four incidences of battery.

■ Ind.Code § 35–38–1–7.1(a)(2) provides that the nature and circumstances of a crime shall be considered in determining what sentence to impose. The trial court's sentencing statement adequately supported the finding of this aggravating circumstance by noting that. when defendant committed the murder, there were others present in the car, including children.

■ 2. Defendant's claim that the trial court's sentencing order was impermissibly repetitious of statutory language is also not supported by the record. Defendant is correct that a mere recitation of statutory language in a statement disclosing factors the trial court considered to justify enhancement of presumptive sentence is insufficient to support an enhanced sentence. *Meriweather v. State,* 659 N.E.2d 133, 145 (Ind.App.1995), *trans. denied.* However, while the trial court used the exact language of Ind.Code § 35–38–1–7.1(b)(3), "The person is in need of correctional or rehabilitative treatment that can best be provided by commitment of the person to a penal facility," to identify the existence of an aggravator, it also listed specific reasons in support of its finding. The trial court's sentencing statement explained that the courts had tried "every program possible to keep the defendant from continuing his malevolent behavior, to try to get him off drugs and alcohol and everything we did failed." (R. at 248). The statement also related that defendant had not responded permanently to these probation programs, and that those programs had not helped defendant correct his criminal ways of life. After finding that other methods of rehabilitative treatment explored by the criminal justice system had failed, the trial court reasonably concluded that defendant was in need of correctional rehabilitative treatment that could best be provided by commitment to a penal facility. It is clear that the trial

court's finding was much more than just a mere repetition of statutory language.[3]

■ 3. Defendant correctly claims that the trial court used an aggravating circumstance improperly but the error did not constitute reversible error. This Court has held that the finding of the aggravator that imposition of a reduced or suspended sentence would "depreciate the seriousness of the crime" may only be used when a trial court is considering imposition of a sentence which was shorter than the presumptive sentence. *Penick v. State*, 659 N.E.2d 484, 488 (Ind. 1995). However, this Court has also held that an alternate form of the depreciate the seriousness aggravator exists when a trial court is considering imposition of an enhanced rather than a reduced sentence. *Ector v. State*, 639 N.E.2d 1014, 1015 (Ind. 1994).

> Although not enumerated in the sentencing statute, consideration of such as an aggravating circumstance is permitted because the statutory list of aggravating factors is not exclusive, I.C. 35–38–1–7(d). This Court has thus upheld sentence enhancement based upon a finding that a sentence less than an enhanced term sought by the prosecution would depreciate the seriousness of the crime.

*Evans v. State*, 497 N.E.2d 919, at 923–24 (Ind.1986).

Defendant correctly argues that the trial court erred when it found this to be a valid aggravator. The trial court's sentencing statement's only reference to this aggravator consisted of the statement "Imposition of reduced sentence would depreciate the seriousness of the Crime, as evidence by the courts previous record in regard to this matter." There was no indication that the trial court's basis for its finding was its concern for reducing the sentencing recommendation of the prosecution. Since the trial court was not considering imposing a sentence of less duration than the presumptive sentence, the court's use of the depreciate the seriousness of the crime aggravator was improper.

■ However, it is within the discretion of the trial court to determine whether a presumptive sentence will be increased due to aggravating circumstances. *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind.1993). Since the trial court found several other valid aggravating circumstances, the improper use of this one aggravator did not make the enhanced sentence manifestly unreasonable.

■ 4. The trial court adequately considered mitigating circumstances. Defendant asserts that the trial court erred by failing to consider as mitigating circumstances that defendant was suffering from bipolar disorder which rendered him unable to appreciate the wrongfulness of his act and defendant was raised in a very difficult situation.

■ A failure to find mitigating circumstances that were clearly supported by the record may imply that they were overlooked and not properly considered. *Johnson v. State*, 580 N.E.2d 959, 961 (Ind.1991). Although a court must consider all evidence of mitigating factors offered by a defendant, the finding of a mitigating factor rests within the trial court's discretion. *Harris v. State*, 659 N.E.2d 522, 528 (Ind.1995).

Kenneth Joy, a psychologist, testified at the sentencing hearing that defendant suffered from bi-polar disorder. He also testified that if defendant was experiencing a manic episode at the time of the shooting, he probably did not appreciate the wrongfulness of his act. However, he could not determine whether defendant was experiencing a manic episode during the shooting because of the complicating factor of alcohol consumption by defendant.

In *Loveless v. State*, 642 N.E.2d 974, 977 (Ind.1994), this Court refused to modify an

---

**3.** In recent cases, this court has observed that for this aggravating circumstance to justify in part an enhanced sentence, it must be understood to mean that the defendant is in need of correctional and rehabilitative treatment that can best be provided by a period of incarceration in a penal facility in excess of the presumptive sentence term. *Newhart v. State*, 669 N.E.2d 953, 955 (Ind.1996); *Mayberry v. State*, 670 N.E.2d 1262, 1271 (Ind.1996). While the trial court's sentencing order arguably gives no specific or individualized statement justifying enhancement on this basis, defendant does not object to the use of this aggravating circumstance on these grounds. However, the trial court should consider *Newhart* and *Mayberry* on remand.

enhanced sixty-year sentence for Murder because, although there was substantial evidence of the defendant's deep mental disturbance and dysfunctional family background, there was no explanation of how those factors affected the culpability for the murder committed.

In addition to suffering from bi-polar disorder, defendant has abused alcohol and used various drugs. His upbringing included the facts that his father was an alcoholic, his mother died when he was still a child, and all of his siblings have had substance abuse problems and have been involved with the criminal justice system.

However, this Court has found that evidence of a troubled childhood does not require a trial court to find it to be a mitigating circumstance for purposes of sentencing. *Page v. State,* 615 N.E.2d 894, 896 (Ind.1993).

As the foregoing indicates, the trial court's failure to find grounds for mitigation on these bases does not conflict with prior rulings of this court. Furthermore, the court did find as a mitigating circumstance that defendant was remorseful. It is therefore clear that the trial court did not ignore the subject of mitigation altogether.

 The trial judge is responsible for determining appropriate weight of aggravating and mitigating factors. *Hurt v. State,* 657 N.E.2d 112, 115 (Ind.1995). Here, the trial court properly balanced defendant's feelings of remorse with the other statutory aggravators in determining the sentence.

## II

 Defendant next argues that the trial court erred by permitting testimony at the sentencing hearing by someone other than the designated victim representative. The trial court having determined that the victim was deceased, designated her mother, Janet Reese, as the victim representative for purposes of the sentencing hearing, under Ind. Code § 35–38–1–2 (1993). At the sentencing hearing the trial court allowed victim statements from not only the mother, but from Ada Streaty, a friend of the victim, and Rhonda Reese, the victim's sister.

Defendant claims the court erred, and violated Ind.Code § 35–38–1–8.5 (1993), by allowing testimony from someone other than the designated victim representative. He claims that the additional testimony prejudiced him by playing on the sympathies of the trial court for the victim and her family, and did not allow the trial court to focus on the statutory criteria for sentencing.

This Court's interpretation of the statute does not support defendant's position. In *Loveless,* 642 N.E.2d at 978, we held that permitting this type of testimony at a sentencing hearing was not error. "The purpose of the statute is to guarantee that the interests of the victim of a crime are fully and effectively represented at the sentencing hearing." *Id.* (citing *Schwass v. State,* 554 N.E.2d 1127 (Ind.1990)).

> In a murder case, this function may be better served by several witnesses than by one. While it may be best for purposes of judicial economy and objectivity to use one witness to communicate the impact of the crime on the victims, the statute does not require it. See Ind.Code § 35–38–1–7.1(a)(6).

*Id.*

## III

 Finally, defendant asserts that the guilty plea was invalid because it was not knowing or voluntary. However, defendant cannot assert this issue on direct appeal since the validity of a guilty plea may not be challenged by a motion to correct errors or direct appeal but instead must be brought by filing a petition for post-conviction relief.

We recently decided this very issue in *Tumulty v. State,* 666 N.E.2d 394 (Ind.1996). In that case, the appellant had pled guilty to attempted criminal deviate conduct, two counts of battery, and being a habitual offender. On direct appeal, the defendant attempted to challenge the court's acceptance of his plea to the habitual offender claim. The Court of Appeals held that a defendant should be permitted to appeal a guilty plea whenever the record of the plea is adequate to resolve the record. We vacated the opinion of the Court of Appeals, and reiterated the long-standing principle that, "... a con-

viction based upon a guilty plea may not be challenged by motion to correct errors and direct appeal." *Id.*

We noted that one consequence of pleading guilty is the restriction of the ability to challenge the conviction on direct appeal. *Id.* Additionally, expanding the right to appeal guilty pleas on direct appeal would make settlements difficult, and would dramatically increase the caseload in appellate courts. *Tumulty,* 666 N.E.2d at 396.

This Court has created an avenue for claims addressing the validity of guilty pleas by adopting Indiana Post–Conviction Rule 1, and in fact, we have just recently held that, "[P]ost-conviction relief is exactly the vehicle for pursuing claims for validity of guilty pleas." *Tumulty,* 666 N.E.2d at 396 (citing *Butler v. State,* 658 N.E.2d 72 (Ind.1995)). Therefore, the issue of whether defendant's guilty plea was knowing and voluntarily may not be decided by this court on direct appeal, but instead should be pursued by filing a petition for post-conviction relief .

*Conclusion*

We remand for re-sentencing pursuant to P.L. 158–1994.

SHEPARD, C.J., and DICKSON, SELBY, and BOEHM, JJ., concur.