**Richard ANNES, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–0109–PC–410.**

Court of Appeals of Indiana.

Dec. 11, 2002.

John Pinnow, Greenwood, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

MATTINGLY–MAY, Judge.

The State petitions for rehearing of our memorandum decision in *Annes v. State*, No. 49A04–0109–PC–410, 767 N.E.2d 1051 (Ind. Ct.App. April 30, 2002), where we reversed the denial of Richard Annes' second petition for post-conviction relief. We grant the rehearing in order to address the State's argument that Annes' claims

were *res judicata* because the same issue he raised in the case before us had been decided in a prior petition for post-conviction relief. We vacate our memorandum decision but reaffirm, in light of the unique factual and legal circumstances of this case, our holding that Annes' second petition for post-conviction relief should have been granted.

## FACTS AND PROCEDURAL HISTORY

On August 9, 1972, Annes sold LSD (lysergic acid diethylamide) to an undercover police officer and was charged with possession and sale of LSD. On September 7, 1972, Annes agreed to plead guilty to possessing LSD in exchange for the dismissal of the selling count, and to undergo treatment in lieu of prosecution. On October 27, 1972, Annes withdrew his request for treatment and requested sentencing. The trial court[1] sentenced Annes to one to ten years suspended and ordered two years of probation and drug treatment. On December 20, 1972, the trial court revoked Annes' probation and ordered him to serve his sentence.

In 1983, Annes was convicted of felony murder and found to be an habitual offender. He was sentenced to seventy years. On February 28, 2000, Annes filed a petition for post-conviction relief. He argued that his 1972 guilty plea was not knowingly, intelligently, or voluntarily made because the trial court failed to advise him that he had the right to confront and cross-examine opposing witnesses.[2]

---

1. We will refer to the court that accepted Annes' guilty plea in 1972 as "the trial court." We will refer to the court that denied his original petition for post-conviction relief in 2000 as "the first post-conviction court." We will refer to the court that denied Annes' successive petition for post-conviction relief as "the second post-conviction court."

2. The State suggested in its brief on appeal, but does not argue on rehearing, that Annes had, by failing to bring a direct appeal, waived his allegation that his guilty plea was not knowing, intelligent, and voluntary because the trial court failed to advise him that he had the right to confront and cross-examine opposing witnesses. The State noted that

The first post-conviction court denied Annes' petition.

Annes' counsel filed a praecipe but failed to file an appellate brief, resulting in the dismissal of the appeal on December 21, 2000. On March 12, 2001, we granted Annes permission to file a successive petition for post-conviction relief. The State's Answer alleged *res judicata* and *laches*. An evidentiary hearing was held on June 4, 2001, at which time the deputy prosecutor advised the post-conviction court that Annes' hearing was not on his calendar and he did not have a file.

The post-conviction court advised the State that it would leave the case open for one week so that the State could review its file to determine whether there was any evidence the State wished to present.[3] During the hearing, Annes presented evidence that the trial court had failed to advise him of his right to confront and cross-examine witnesses. The State cross-examined Annes, but did not present any evidence on the defenses it had asserted in its Answer.

In denying Annes' petition, the first post-conviction court found that Annes' plea of guilty differed from "a typical guilty plea in a criminal case, wherein a defendant anticipates that his plea will result in penal consequences," (App. at 14) because he anticipated that the charge would ultimately be dismissed. As a result, "the required advisements appurtenant to a typical guilty plea were not required ...." *Id.* Further, the first post-conviction court found that if any error existed, it was invited error because "the only reason the instant cause resulted in penal consequences was [Annes'] own withdrawal from the drug treatment program and his request that he be sentenced." *Id.*

This appeal ensued. Annes raised one issue: whether his 1972 guilty plea to pos-

---

"When the petitioner has already been afforded the benefit of a direct appeal, post-conviction relief contemplates a rather small window for further review." (Br. of Appellee at 3), citing *Montano v. State*, 649 N.E.2d 1053, 1056 (Ind.Ct.App.1995), *trans. denied.* Its waiver argument was premised on the general rule that "Uncorrected errors of law that were available to the defendant at the time of direct appeal but not litigated are deemed waived." (Br. of Appellee at 3.)

Annes' first petition for post-conviction relief represented the appropriate vehicle for the challenge to his guilty plea. We remind the State that the validity of a guilty plea may not be challenged by a motion to correct error or a direct appeal but instead must be brought by filing a petition for post-conviction relief. *Jones v. State*, 675 N.E.2d 1084, 1090 (Ind.1996). One consequence of pleading guilty is the restriction of the ability to challenge the conviction on direct appeal. *Id.* Expanding the right to appeal guilty pleas on direct appeal would make settlements difficult and would dramatically increase the caseload in appellate courts. *Id.* Our supreme court noted in *Jones* that "This Court has created an avenue for claims addressing the validity of guilty pleas by adopting Indiana Post Conviction Rule 1 ... [t]herefore, the issue of whether defendant's guilty plea was knowing and voluntarily may not be decided by this court on direct appeal, but instead should be pursued by filing a petition for post-conviction relief." *Id.*

We accordingly decline the State's apparent invitation to hold that Annes waived his right to post-conviction review when he declined to challenge on direct appeal the validity of his guilty plea. For the same reasons, we decline the State's invitation to find that Annes lost his right to assert the trial court's failure to properly advise him was fundamental error because "the issue was available on direct appeal." (Br. of Appellee at 4.) We note that a trial court's failure to fully advise a defendant of his constitutional rights and the consequences of the guilty plea is fundamental error. *Goode v. State*, 160 Ind.App. 360, 312 N.E.2d 109, 112 (1974).

3. The record on appeal does not indicate that the State advised the trial court that it wanted a hearing on any additional issues not covered in the June 4, 2001 hearing.

session of lysergic acid diethylamide (LSD) was knowing, intelligent and voluntary where the trial court did not advise Annes of his right to confront and cross-examine opposing witnesses. There was no evidence that the trial court so advised Annes. We acknowledged the State's contention that the claims Annes raised in his second post-conviction petition were the same as those raised in his first, and because Annes did not pursue the appeal of the denial of his first PCR petition, his second petition was therefore barred by waiver and *res judicata.* However, we dealt with Annes' allegation of error as one of ineffective assistance of counsel for failure to file an appellant's brief, and accordingly reversed the denial of his second petition for post-conviction relief and remanded to the second post-conviction court with instructions to vacate the 1972 conviction.

## DISCUSSION AND DECISION

■ We note initially that Annes' allegations of error were properly brought before the post-conviction court and this court by means of a second petition for post-conviction relief. Our rules create procedures by which persons who have been convicted of crimes in Indiana may appeal those convictions. If unsuccessful on appeal, there are procedures in place that allow the convicted person an opportunity to file a petition seeking post-conviction relief. *See, e.g.,* Ind. Post–Conviction Rule 1. If still unsuccessful, one of the avenues potentially open to the convicted person is to again seek post-conviction relief in the state court through a second, or successive, petition. There are rules governing this process as well. *See* P–C. R. 1 § 12.

We addressed the limitations of what can be in a successive petition in *Kirk v.*

*State,* 632 N.E.2d 776, 778–79 (Ind.Ct.App. 1994):

> The purpose of the post-conviction relief process is to allow a petitioner to raise issues not known at the time of the original trial and appeal or for some reason not available to the petitioner at that time. In seeking post-conviction relief, a petitioner must assert all available grounds for relief in his original post-conviction petition. Failure to do so constitutes waiver unless the court finds a ground for relief which for sufficient reason was not asserted or was inadequately raised in the original petition. Thus, a petitioner may not assert grounds one, two, and three in his original petition and four, five, and six in a successive petition.

(Citations omitted.)

Kirk had argued in his successive post-conviction petition that his guilty plea was not voluntary and intelligent because his counsel at his guilty plea hearing tricked him. We noted that this claim was available and known to Kirk when he filed his first petition for post-conviction relief yet he did not assert it therein. Therefore, Kirk waived that claim. 632 N.E.2d at 779.

In the case before us, by contrast, Annes' claim that his guilty plea was not voluntary and intelligent was asserted in his first petition, and after that petition was denied Annes' counsel did not pursue the appeal Annes had initiated. We therefore decline to find this allegation of error was waived for failure to raise it in the first petition.

### The *Boykin* Violation

■ Annes contended in both of his petitions for post-conviction relief that his guilty plea was not knowing, intelligent and voluntary because the trial court did not advise him of his right to confront and cross-examine opposing witnesses. He is

correct.[4] A defendant pleading guilty must be advised of his right against self-incrimination, his right to a jury trial, and his right to confront and cross-examine his accusers. *Boykin v. Alabama,* 395 U.S. 238, 244–45, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Our own supreme court has acknowledged that "unless the record reveals that the defendant knew or was advised at the time of his plea that he was waiving his right to a jury trial, his right of confrontation and his right against self-incrimination, *Boykin* will require that his conviction be vacated." *White v. State,* 497 N.E.2d 893, 905 (Ind.1986). That is the situation in the case before us.

The relevant excerpts from Annes' guilty plea transcript are as follows:

Court: All right. Before I accept your plea, let me make sure that you understand what your rights are here. First of all, let me ask you how old you are?

Annes: Twenty.

Court: How long have you lived here in Marion County?

Annes: Twenty years.

Court: And do you understand now that you have a right to enter a plea of not guilty?

Annes: Yes, I do.

Court: Do you realize now you don't have to enter a plea of guilty to any charge, your attorney, nor the Prosecutor, nor the Court can force you to enter a plea to anything?

Annes: I understand.

Court: This has to be of your own free will and accord. Do you also understand that you have a right to have a jury trial?

Annes: Yes, I do.

Court: Do you understand what a jury trial is?

Annes: Yes, I do.

Court: What is your understanding of a jury?

Annes: Well, in a jury trial, my case would be pleaded before 12 jurors and they would decide whether or not I was guilty and then what should be done about it.

Court: That's basically right .... It then becomes the duty of the Prosecutor to prove to all 12 of those people beyond a reasonable doubt that you are, in fact, guilty of what you're charged with. All 12 must agree that you are guilty before you can be convicted and the burden is entirely upon the State of Indiana, you see. You're presumed innocent at all times. You don't have to offer any testimony, nor any other evidence on your own part. Do you understand all that?

(no audible response.)

Court: When you enter a plea of guilty to any charge, you, in effect, admit what's charged in this particular affidavit against you and you're saying to the Court, "You may give me the maximum penalty if you desire after a pre-sentence investigation that the statute calls for this particular offense." In other words, you basically waive your right to have a jury trial at that point because you admit the facts. There's nothing, in other words, for the jury to decide it on. Do you have any questions about what a jury trial is?

Annes: No.

4. The State did not address on appeal and does not address on rehearing the merits of Annes' argument. This is akin to a failure to file a brief on this issue. Therefore, if consideration of this issue is not barred by *res judicata,* Annes as appellant must establish the existence of *prima facie* error, or error that is evident at first sight, on first appearance, or on the face of it. *Campbell v. State,* 732 N.E.2d 197, 209 (Ind.Ct.App.2000).

Court: Do you want to have a trial by jury rather than the Court?

Annes: No, I don't.

Court: All right.

(Tr. at 67–70.)

■ As we will not presume from a silent transcript that all the *Boykin* advisements have been made, *Fuller v. State*, 485 N.E.2d 117, 119 (Ind.1985), we cannot find that the trial court advised Annes of his rights to confront and cross-examine witnesses.

### Res Judicata

■ The State contended on appeal and contends in its petition for rehearing that because the claims Annes raises in his second petition are the same as those raised in his first, and because Annes did not pursue the appeal of the denial of his first PCR petition, his second petition is barred by waiver and *res judicata.*

■ The State is correct that, as a general rule, "when a court decides an issue the doctrine of *res judicata* applies therefore precluding its review in later proceedings." (Pet. for Rehearing at 3), citing *State v. Holmes*, 728 N.E.2d 164, 168 (Ind.2000).[5] Our supreme court did not intend, in promulgating the rules relating to post-conviction remedies, to provide a means whereby a criminal offender could repeatedly re-litigate claims of improper conviction. *Gross v. State*, 162 Ind.App. 649, 652, 320 N.E.2d 817, 820 (1974). Nor were the rules intended to create an avenue for untimely challenge of proceedings

after a legitimate waiver of the right to appeal. *Id.* "Thus, where an issue, although perhaps differently assigned, was previously considered *and determined upon defendant's direct appeal,* the State may defend on the grounds of prior adjudication or *res judicata.*" *Id.* (emphasis supplied).

■ It has long been the rule that a defendant who raises a claim of ineffective assistance of trial counsel *on direct appeal* is foreclosed from subsequently relitigating that claim in a post-conviction proceeding. *McCary v. State*, 761 N.E.2d 389, 392 (Ind.2002). McCary argued on direct appeal that his trial counsel was constitutionally ineffective. His argument failed, and he raised the same issue again in his petition for post-conviction relief. Annes' claim that his guilty plea was flawed due to a *Boykin* violation has never been considered by an appellate court due to his counsel's failure to pursue the appeal Annes had initiated. Furthermore, to the extent Annes' claim is effectively one of ineffective assistance of appellate counsel, it is not *res judicata* because that question has never been reviewed by the post-conviction court or on appeal.

### Ineffective Assistance of Counsel

■ The State contends that because Annes did not pursue the appeal of the denial of his first PCR petition, his successive petition is barred by waiver and *res judicata.* We believe, however, that had Annes presented the issue before us as one of ineffective assistance of counsel

---

5. In fact, our supreme court's statement in *Holmes* was "As a general rule, when *this Court* decides an issue *on direct appeal,* the doctrine of res judicata applies, thereby precluding its review in post-conviction proceedings. The doctrine of res judicata prevents the repetitious litigation of that which is essentially the same dispute." 728 N.E.2d at 164 (emphasis supplied, citation omitted). As explained above, the question presented in Annes' first petition for post-conviction relief—whether Annes' plea was knowing, intelligent and voluntary—has never been and could not properly have been reviewed "on direct appeal." That issue therefore is not *res judicata* under the specific standard articulated in *Holmes* and that issue has not been otherwise addressed by a reviewing court.

for counsel's failure to file an appellant's brief, his successive petition would not have been so barred and the result then would be no different from that we reach today.[6]

The right to counsel in post-conviction proceedings is not guaranteed by either the Sixth Amendment of the United States Constitution nor art. 1, § 13 of the Constitution of Indiana. *Baum v. State*, 533 N.E.2d 1200, 1201 (Ind.1989). A petition for post-conviction relief is not generally regarded as a criminal proceeding and does not call for a public trial within the meaning of these constitutional provisions. *Id.* It thus is not required that the constitutional standards be employed when judging the performance of counsel when prosecuting a post-conviction petition at the trial level or at the appellate level. *Id.*

Our supreme court has therefore applied a lesser standard responsive more to the due course of law or due process of law principles that are at the heart of the civil post-conviction remedy. We adopt the standard that if counsel in fact appeared and represented the petitioner in a procedurally fair setting which resulted in a judgment of the court, it is not necessary to judge his performance by the rigorous standard set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. *Id.* Even under this lesser standard, the record reflects Annes was deprived of the effective assistance of appellate counsel, as appellate counsel failed to appear and represent Annes in a procedurally fair setting. As explained above, such appearance and representation would almost certainly have resulted in a determination that Annes' guilty plea violated *Boykin*.

The standard for evaluating a claim that appellate counsel was ineffective in neglecting to file a brief[7] was recently enunciated in *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). The petitioner must first show that his counsel was objectively unreasonable in failing to find arguable issues to appeal—that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a meritorious brief raising them.

**6.** Annes did not explicitly argue in his brief that the first post-conviction counsel provided ineffective assistance, though he did note that "Annes timely filed a praecipe and record of proceedings to prefect an appeal. However, his counsel did not timely file the Brief of Appellant." (Br. of Petitioner–Appellant at 3) (citation to record omitted). In his reply brief Annes responded to the State's *res judicata* argument by pointing out that Annes' claim of a *Boykin* violation had not previously been decided by this court because, while the *Boykin* issue had been raised on his appeal of the denial of the first post-conviction petition, "the appeal was dismissed without reaching the merits of Annes' claim because prior post-conviction counsel failed to timely file the Brief of Appellant." (Reply Br. of Petitioner–Appellant at 2–3.)

Annes further notes in his reply brief that If the State had claimed Annes waived his *Boykin* claim by not alleging ineffective as-

sistance of post-conviction counsel (which the State did not do either to the trial court or on this appeal), then Annes would have amended the petition to allege post-conviction counsel was ineffective in failing to timely file the Brief of Appellant ... Prior post-conviction counsel was ineffective even under the relaxed standard for reviewing such claims.

*Id.* at 5, citing *Poling v. State*, 740 N.E.2d 872, 878 (Ind.Ct.App.2000). We therefore believe Annes' case may appropriately be reviewed as a question of ineffective assistance of his first post-conviction counsel.

**7.** Because, as explained above, a direct appeal would not have been appropriate in Annes' case, we believe this standard is properly applied to the question whether Annes' counsel rendered ineffective assistance by virtue of counsel's failure to pursue the appeal of the denial of Annes' first post-conviction petition.

*Id.* If he succeeds in such a showing, he then has the burden of demonstrating prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure to file a brief, he would have prevailed on his appeal. *Id.*

Robbins' counsel had determined Robbins' direct appeal was frivolous and had complied with a valid procedure for determining when an indigent's direct appeal is frivolous. The Supreme Court noted that "it may be, as Robbins argues, that his appeal was not frivolous and that he was thus entitled to a merits brief." *Id.* at 284, 120 S.Ct. 746. It remanded for an examination of that question.

In Annes' case, by contrast, there is no doubt that the appeal he initiated but that was dismissed for counsel's failure to file a brief was not frivolous. We therefore believe Annes' counsel's failure to pursue the appeal of the denial of Annes' first petition for post-conviction relief amounted to ineffective assistance under the standards articulated in *Smith* and *Baum.*

We recently addressed the standard for allegations of ineffectiveness of counsel in initial post-conviction proceedings in *Poling v. State,* 740 N.E.2d 872, 878–79 (Ind. Ct.App.2000). Poling raised in his second petition for post-conviction relief the assertion that he received ineffective assistance of counsel from the attorney who agreed to represent him in the appeal of the denial of his first petition for post-conviction relief. Poling's post-conviction appellate counsel had miscalculated the date that the record was due and therefore failed to timely file the record, which resulted in the dismissal of Poling's appeal of the post-conviction court's denial of his first petition for post-conviction relief.

We assumed *arguendo* that Poling's counsel's failure to perfect an appeal was below the standard expected of post-conviction counsel because his counsel neither "appeared" nor represented Poling at a "procedurally fair setting." *Id.* We therefore returned to the *Strickland* standard to determine whether counsel's error constituted ineffective assistance. Under the *Strickland* test, Poling would have to demonstrate that he was prejudiced by his counsel's actions before we could find that his counsel was ineffective. That is, he would have to show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. Therefore, if we would have affirmed the post-conviction court's denial of Poling's first petition for post-conviction relief, then Poling was not prejudiced by his counsel's mistake.

After reviewing each of the fifteen allegations of error that Poling asserted in his first petition for post-conviction relief, we determined we would have affirmed the post-conviction court's denial of Poling's first petition. Therefore, Poling was not prejudiced by his counsel's failure to perfect an appeal of the post-conviction court's denial of his first petition, and his ineffective assistance of counsel claim failed. Because the ineffective assistance of counsel claim was without merit, Poling was not prejudiced by the post-conviction court's failure to hold a hearing on his second petition for post-conviction relief. 740 N.E.2d at 883.

The case before us is very different. In light of our supreme court's directive that we not presume from a silent transcript that all the *Boykin* advisements have been made and that in such a situation *Boykin* will require that a conviction be vacated, Annes was undoubtedly prejudiced by his counsel's failure to perfect an appeal of the post-conviction court's denial of his first petition. We accordingly find that Annes' counsel rendered ineffective assistance and that Annes was prejudiced by counsel's failure to perfect an appeal. Annes' sec-

ond petition for post-conviction relief should not have been denied.

## CONCLUSION

Our supreme court has noted that "Finality and fairness are both important goals. When faced with an apparent conflict between them, this Court unhesitatingly chooses the latter." *State v. Huffman*, 643 N.E.2d 899, 901 (Ind.1994). Because 1) Annes' conviction was based on a guilty plea and was therefore not subject to review on direct appeal; 2) the trial court's error in failing to provide the *Boykin* advisements was fundamental; and 3) counsel's failure to appeal the denial of Annes' first petition for post-conviction relief is unexplained and unexplainable in light of the trial court's error, we believe fairness demands that we vacate Annes' conviction of possession of LSD.

The State's petition for rehearing is granted. This opinion on rehearing shall vacate and supersede our memorandum decision.

BAKER and NAJAM, JJ., concur.